375 So.2d 1372 (1979)
STATE of Louisiana, Appellee,
v.
Louis C. HOLDEN, Appellant.
No. 64265.
Supreme Court of Louisiana.
October 8, 1979.
*1373 John M. Lawrence, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Robert T. Myers, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was charged with and convicted of the theft of merchandise valued at $131.90, in violation of La.R.S. 14:67, a felony punishable by imprisonment with or without hard labor for two years. Upon his conviction, he was charged under La.R.S. 15:529.1 as a multiple offender; upon conviction as a fourth offender, he was sentenced to thirty years imprisonment at hard labor.
The defendant presents eight assignments of error for our review. Most of the issues thereby posed involve either the application of well-settled principles or a decision based upon the peculiar facts of the present prosecution.[1] However, an issue posed by Assignment No. 8 presents a recurring problem which this court must address.
This issue concerns the use in multiple-offender proceedings of a conviction by a plea of guilty from a non-Louisiana jurisdiction: If objected to on the basis that the state did not prove that the plea of guilty was taken in compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), what is the burden of the state and, also, to what extent will technical non-compliance with Boykin requirements prevent the use of this conviction to enhance the Louisiana punishment of the defendant as a multiple offender?

I.
The issue as thus posed is an aftermath of our decision in State v. Lewis, 367 So.2d 1155 (La.1979). There, we held that a 1970 guilty plea in a Louisiana court could not be used (over objection) to enhance punishment as a multiple offender, unless the minutes or transcript of the plea of guilty affirmatively disclosed that the accused had waived his right to jury trial, his right to confront his accusers, and his privilege against self-incrimination. We did so in presumed compliance with the mandates of federal constitutional law as expressed by Boykin.
Boykin had invalidated a state conviction, on direct attack from the conviction, on the basis that even an otherwise voluntary plea was not made with a full understanding of its consequences unless the accused made a knowing waiver of at least these three constitutional *1374 rights. In reaching this conclusion, 395 U.S. 243, 89 S.Ct. 1712, the court in Boykin constitutionalized the requirements of Federal Rule of Criminal Procedure 11 as set forth in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). (McCarthy, again, concerned a direct appeal from a federal conviction.)
Boykin and McCarthy had concerned direct attacks on the convictions through the appellate process and, ultimately, certiorari to the United States Supreme Court to review the affirmance of the convictions. In Lewis, a majority of this court held, not illogically, that if on its face a plea of guilty was not knowing under Boykin-McCarthy because it did not affirmatively disclose the waiver of the constitutional rights, likewise it could be collaterally attacked in an enhancement proceeding as invalid for the same reason.
Lewis was decided on January 29, 1979. However, on May 21, 1979, the United States Supreme Court decided that a plea of guilty which failed to comply with the formal requirements of Rule 11 could not be collaterally attacked solely on that basis (even though subject to invalidation for such reason on direct attack). United States v. Timmreck, ___ U.S. ___, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).
Federal Rule of Criminal Procedure 11 requires the court to address the accused personally and ascertain from him the waiver of those rights listed by Boykin. Rule 11(c)(3). In Timmreck, the trial court had failed to inform the accused of the minimum parole term consequent upon his plea of guilty, as required by Rule 11(c)(1) (1975). While waiver of the Boykin-listed constitutional rights arguably presents a more fundamental deficiency, we think that, at the least, Timmreck indicates that, in a collateral attack upon a federal guilty plea in an enhanced-punishment proceeding, the burden is upon the accused to show that the plea was taken without a waiver of the Boykin-listed rights.
In short, in Lewis we believed ourselves bound by federal constitutional law to consider a plea of guilty as unknowing unless the record affirmatively showed it had been taken in compliance with Boykin. However, in the post-Lewis decision of Timmreck the United States Supreme Court has indicated that a plea of guilty may not be considered invalid for purposes of collateral attack simply because of formal defect in the taking of the pleafailure of the judge to expressly give certain advice in the Timmreck casein the absence of a showing of special prejudice to the defendant.
Thus, in our view federal constitutional law does not require us, on collateral attack, to consider a plea as unknowingly made simply because the record does not affirmatively show waiver of Boykin-listed rights. Accordingly, Lewis is to that extent overruled.

II.
A deduction from Timmreck, including its indication that a defendant must show special prejudice in order to mount an attack as to a plea deficient in some formal respect, is that upon collateral attack the accused has the affirmative burden of showing that he was in fact not advised, either by the court or through his counsel, of the particular consequences of his plea that were not touched upon in an otherwise sufficient colloquy.
This is particularly pertinent with regard to the present federal conviction for possession of stolen mail in the amount of $122, which was used to enhance the defendant's sentence in the present case. The record of the appeal shows that the federal conviction was proved by a certified copy of the indictment and minute entries indicating the defendant's plea. His own testimony indicates his identity with the person shown to be convicted in federal court in 1973.
However, the defendant had taken the stand to say that he did not recall any lawyer or other person informing him of the consequences of his plea of guilty. If *1375 the state is under the burden of showing adequate Boykin ization to support the validity of the plea, the defendant's conviction as a fourth[2] offender must be set aside and the case remanded for further proceedings at which the state might seek to introduce the Boykin (i. e., Rule 11) colloquy at which the federal guilty plea was taken.[3]
Nevertheless, because under our interpretation of Timmreck the burden is upon the defendant in his collateral attack upon a guilty plea to show its deficiency, we hold that for present purposes the proof of the federal conviction is adequate for its use to enhance the defendant's sentence upon this state conviction.
We therefore find no merit in the defendant's contention.

III.
Lest our decision be misunderstood, we deem it advisable to reiterate our prior holdings and to summarize the effect thereupon of this decision and of our interpretation of Timmreck.
In State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), we held that a plea of guilty would not be considered as knowingly made with awareness of its consequences unless, at the time of the plea, the accused was informed of and made a knowing waiver of his right to jury trial, his right to confront his accusers, and his privilege against self-incrimination. We did not at that time require that the judge himself conduct the interrogation or that a contemporaneous record be made of it; but we did point out that, unless these were done, an evidentiary hearing would be required if post-conviction attack was made on the guilty plea because the record did not affirmatively show these waivers.
In State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972), we held that the requirements enunciated by Jackson apply to all pleas of guilty to felonies in Louisiana state courts subsequent to December 8, 1971, the date Jackson became final.
We now reiterate these requirements for guilty pleas in felony convictions in Louisiana state courts. We are pleased to note that Louisiana trial judges now uniformly conduct the colloquy and ascertain for themselves that the rights are waived and that the plea is voluntary and knowing, and they likewise uniformly cause a contemporaneous recording to be made of the proceeding. By this means, evidentiary hearings are made unnecessary in many instances when post-conviction attack is made upon the guilty plea, and the validity of these pleas when voluntary is not jeopardized.
In State v. Lewis, 367 So.2d 1155 (La.1979), we held that a conviction could not be used to enhance punishment in a multiple-offender proceeding unless the record affirmatively disclosed that the Jackson requirements were met. As a matter of state law, to enforce the state policies incorporated in the Jackson and LeBlanc decisions, *1376 we adhere to Lewis insofar as it applies to convictions in Louisiana state courts subsequent to December 8, 1971, the date of Jackson's finality. Upon objection by defense counsel that the guilty plea does not affirmatively show it was taken in compliance with Jackson and LeBlanc, the state will have the burden to show as to these convictions that the defendant waived his constitutional rights as required by the cited opinions of this court.
However, Lewis is overruled insofar as it announced a similar rule for Louisiana state convictions prior to December 8, 1971, and insofar as it implied a similar rule for federal and non-Louisiana convictions. As to these convictions not governed by our own decisions in Jackson and LeBlanc, we find that the basis in federal constitutional law upon which we relied in Jackson has been modified by United States v. Timmreck, ___ U.S. ___, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).
Accordingly, as to these convictions not governed by Jackson and LeBlanc, the state is required only to prove the conviction by a plea of guilty with representation by counsel. The defendant has the burden of proving that he did not waive his constitutional rights in making the plea, if the plea was taken subsequent to Boykin's requirement in this regard. Unless the colloquy at the time of the plea of guilty affirmatively shows substantial defect in this regard, the defendant will not be permitted to make any other collateral attack beyond the colloquy upon these otherwise-valid guilty pleas in the enhanced-punishment proceedings.

Decree
For the reasons assigned, we affirm the conviction and sentence.
AFFIRMED.
SUMMERS, Chief Justice, concurring.
I agree that State v. Lewis, 367 So.2d 1155 (La.1979) should be overruled and that the conviction and sentence in the instant case should be affirmed. Otherwise, I concur.
MARCUS, J., concurs and assigns reasons.
DIXON, J., dissents with reasons.
DENNIS, J., dissents for the reasons assigned by DIXON, J.
MARCUS, Justice (concurring).
I concur in the limitation of State v. Lewis, 367 So.2d 1155 (La.1979) but would overrule Lewis outright.
DIXON, Justice (dissenting).
I respectfully dissent from the majority's application of United States v. Timmreck, ___ U.S. ___, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) to the case before us and from its reliance on Timmreck to overrule a portion of our holding in State v. Lewis, 367 So.2d 1155 (La.1979).
Timmreck involved a federal prisoner's collateral attack on his conviction and sentence on the ground that the trial court had violated a provision of Rule 11 of the Federal Rules of Criminal Procedure in accepting his plea of guilty. The vehicle for his attack was 28 U.S.C. § 2255, which provides federal prisoners with a procedural equivalent of habeas corpus. The holding of the court was specifically limited to proceedings under that statute; relief is not available under § 2255 when the acceptance of a plea of guilty involves a purely technical violation of Rule 11, not a violation which is constitutional or jurisdictional.
In the case before us, on the other hand, Holden raises the invalidity of his federal court guilty plea as a defense, in a motion to quash the state's bill of information filed under R.S. 15:529.1, the multiple offender statute. He alleges no mere formal violation of Rule 11, but says that he was advised of his constitutional rights neither by counsel nor judge when his guilty plea was *1377 accepted. To apply Timmreck to the instant case is to ignore the distinction we made in State v. Lewis, supra, between a habeas corpus proceeding brought by a prisoner and a sentence enhancement proceeding brought by the state:
"However, State ex rel. LeBlanc v. Henderson involved a habeas corpus proceeding filed a year after the defendant was sentenced, in which the defendant sought to set aside his previous plea of guilty. Here the defendant does not seek to have his plea of guilty set aside, but raises its invalidity as a defense in a proceeding designed to enhance his sentence for the present offense. . . . Therefore, we will not extend State ex rel. LeBlanc v. Henderson, supra, to a case in which the collateral effect of a plea of guilty is the issue. . . ." 367 So.2d at 1160.
In State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972), we had held that when a prisoner petitions for habeas corpus relief on the ground of the invalidity of a guilty plea made before December 8, 1971[1] but after the date of Boykin, the state could prove the validity of the plea by reconstructing the sentencing hearing at which the plea was accepted, in the absence of a contemporaneous record of that proceeding. In Lewis, however, we refused to extend that rule to a sentence enhancement proceeding:
". . . In a multiple offender hearing, only those previous pleas of guilty may be used to enhance a sentence which are supported by a contemporaneous record of a Boykin examination demonstrating the free and voluntary nature of a plea of guilty with an articulated waiver of the constitutional rights required by Boykin v. Alabama." 367 So.2d at 1160.
In Lewis we distinguished between a habeas corpus proceeding (to set aside a guilty plea) and a sentence enhancement proceeding.[2] To enhance a sentence by using older pleas of guilty, we held that Boykin must have been complied with. A major concern of the Timmreck court was that the finality of a conviction based on a guilty plea should be protected against later collateral attack by a defendant who failed to raise the issue on appeal. That concern is not relevant in the sentence enhancement context, where a defendant alleges the invalidity of his guilty plea as a defense to a proceeding initiated by the state.
The majority also imposes upon defendants the burden of proving that they did not waive their constitutional rights regarding a non-Louisiana guilty plea made before December 8, 1971, without regard for whether that issue is raised in habeas corpus or in sentence enhancement proceedings.
Nor is Timmreck authority for the proposition that defendants may be required to prove that they did not waive their constitutional rights in pleading guilty. Timmreck may be read to require, at most, that a federal prisoner's petition for relief under § 2255 should contain an allegation that his guilty plea was accepted under circumstances which violated his constitutional rights. But Timmreck contains no indication whatsoever of an abandonment of the fundamental principles first enunciated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969): that a *1378 waiver of the constitutional rights involved in a guilty plea may not be presumed but must be shown affirmatively by the record. This court has consistently rejected the argument that the burden is upon the defendant to prove that he did not waive his constitutional rights; see State v. Hoffman, 345 So.2d 1 (La.1977), City of Monroe v. Coleman, 304 So.2d 332 (La.1974), State v. Guillotte, 297 So.2d 423 (La.1974), State v. Coody, 275 So.2d 773 (La.1973). Timmreck provides no basis for changing our position. The sentence should be reversed.
NOTES
[1] Assignments 1, 2, and 4 concern the denial of a motion to suppress evidence. Assignments 5 and 9 concern whether the state proved the essential elements of a theft, being raised in motions for an acquittal and for a new trial. These we have discussed and found to be arguable but without reversible merit, for reasons set forth in an unpublished appendix to this opinion, which will remain a public record of this court. Assignments 6, 7, and 8 raise issues concerning the multiple-offender bill and authentication of the prior convictions. Except for the issue discussed in the published opinion, the issues thereby raised are governed by clearly settled principles and do not present reversible error.
[2] The two prior state convictions are adequately proved. Since they occurred in 1965 and 1967, prior to Boykin, they could not be invalidated as not complying with an as yet undecided Boykin requirement, being otherwise free and voluntary.
[3] The state attacked to its brief a certified copy of the plea of guilty taken in Docket no. 72-219 on January 31, 1973, in the United States District Court, Eastern District, New Orleans Division. It shows that the trial judge fully interrogated the defendant as to the voluntariness of his plea and his actual guilt. As to the consequences of the plea, the colloquy shows only that the trial judge ascertained from the defendant's attorney that he was satisfied that the defendant fully understood the (unspecified) consequences and that the trial judge accepted the attorney's assurance that he had discussed the consequences at great length with the defendant and that he understood them. However, since this exhibit was not introduced at the trial we cannot consider it, nor can we consider whether, for a federal plea of guilty, this amounts only to a formal defect in the proceedings which cannot form the basis of a collateral attack under Timmreck.
[1] This is the date of the finality of our decision in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), in which we held that a guilty plea would be considered to have been knowingly made only upon a showing that the accused waived his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers.
[2] We were largely prompted to do so by our recognition of differences in the length of time elapsing between a guilty plea and these two types of proceedings. Presumably, a defendant will seek habeas corpus relief shortly after his plea of guilty, and there will be no great difficulty in reconstructing the circumstances surrounding that plea; but the state may utilize a conviction based on a guilty plea, for sentence enhancement purposes, for many years afterward. By that time, evidence concerning the guilty plea will be much more difficult to recapture.