416 So.2d 524 (1982)
STATE of Louisiana
v.
Rodney SANTIAGO.
No. 81-KA-1983.
Supreme Court of Louisiana.
March 1, 1982.
On Rehearing July 2, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry Connick, Dist. Atty., Fred P. Harper, Jr., Louise Korns, John H. Craft, Asst. Dist. Attys., for plaintiff-appellee.
Patrick McArdle, and Dwight Doskey, of Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
MARCUS, Justice[*].
Rodney Santiago was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury, defendant was found guilty as charged and sentenced to serve twenty-five years at hard labor with credit for time served. Subsequently, pursuant to La.R.S. 15:529.1 (Habitual Offender Law), the district attorney filed an information accusing defendant of having been previously convicted of two felonies under the laws of this state. Both prior felony convictions were based on pleas of guilty; the first was entered on November 16, 1968, and the second was on October 29, 1974. After a hearing, the trial *525 judge found defendant to be a third felony offender. He vacated the sentence previously imposed and sentenced defendant to serve fifty years at hard labor with credit for time served. Defendant urges two assignments of error on appeal to this court.[1]

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in finding him to be a third felony offender in that the state failed to prove that the 1974 conviction used to enhance his sentence was taken in compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
At the habitual offender hearing, New Orleans Police Officer Robert W. Italiana, an expert in fingerprint identification, identified an original arrest register (S-1) containing the fingerprints of defendant in connection with his 1974 conviction. A properly certified copy of the arrest register (S1-A) was introduced in evidence in place of the original. The witness further identified a document (S-5) containing the fingerprint of the right, middle finger of defendant taken that morning by him. He stated that he had compared the fingerprint on S-5 with the fingerprint on the original arrest register and found that they were both made by defendant. S-5 was properly introduced in evidence. In addition, the state introduced a certified copy of the bill of information, minute entries and a plea of guilty form in connection with defendant's 1974 conviction. This conviction was based on a plea of guilty entered to armed robbery on October 29, 1974.
The minute entry for October 29, 1974 reads as follows:
In the presence of his counsel, Barry F. Viosca, Esq., of the Orleans Indigent Defender Program, the defendant withdrew his former pleas of Not Guilty in the above cases and in all cases entered pleas of Guilty as Charged. The Court advised the defendant that by entering pleas of Guilty he, the defendant, was waiving certain of his constitutional rights, which the Court explained to the defendant in detail. The defendant executed a written waiver of these rights acknowledging that he had been fully advised of his rights and, after being so advised, maintained his pleas of Guilty in each of the above cases. These waivers were filed into the records.
The plea of guilty form, entitled "Waiver of Constitutional Rights Plea of Guilty," was signed by defendant and his attorney on October 29, 1974. In addition, each of the six paragraphs was initialed by defendant. Paragraph 4 of this document reads as follows:
I understand that by entering this plea of guilty I am waiving my right to trial, and my right to appeal if I were found guilty by trial. I also understand that I am waiving my right to confront witnesses who may appear and testify against me, and my right to cross examine those witnesses. I know that I am waiving the right I have to compulsory process of the court to require witnesses to appear and testify for my defense. I further understand that I am waiving my privilege against self incrimination and by pleading guilty I am in fact incriminating myself.
Defense counsel objected on the ground that defendant was not "Boykinized" in connection with his 1974 conviction. The trial judge agreed but noted that he was relying on the plea of guilty form. At the conclusion of the hearing, the trial judge found defendant to be a third felony offender and sentenced him as aforesaid.
A constitutionally valid guilty plea requires an express and knowing waiver of the accused's right to trial by jury, his right to confront his accusers and his privilege against compulsory self incrimination. Boykin v. Alabama, supra; State ex rel. Jackson v. Henderson, supra; State ex rel. *526 LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).[2]
A conviction by guilty plea in a Louisiana state court subsequent to December 8, 1971 (date of Jackson's finality) may not be used to enhance punishment in an habitual offender proceeding unless the record affirmatively discloses that the plea was constitutionally valid. State v. Holden, 375 So.2d 1372 (La.1979). In Holden, we stated:
Upon objection by defense counsel that the [predicate] guilty plea does not affirmatively show it was taken in compliance with Jackson and LeBlanc, the state will have the burden to show as to these convictions that the defendant waived his constitutional rights as required by the cited opinions of this court.
In State v. Dunn, 390 So.2d 525 (La.1980), this court held that a plea of guilty form may be considered along with a colloquy between the judge and the defendant in determining whether defendant was adequately informed of his constitutional rights and made an express and knowing waiver of those rights. In State v. Tucker, 405 So.2d 506 (La.1981), this court held that a minute entry concerning an abbreviated colloquy along with a "well executed `waiver of rights' form signed by defendant, his attorney and the judge" constituted a sufficient affirmative showing in the record that defendant knowingly and intelligently waived his constitutional right to trial by jury, right to confront his accusers and privilege against compulsory self incrimination. The form in Tucker expressly provided as follows:
I understand that in pleading guilty in this matter I waive the following rights:
(1) To trial by either a judge or a jury and that further the right to a trial by judge extends until the first witness is sworn, and the right to a trial by a jury extends until the first juror is sworn, and if convicted the right to an appeal. Please specify: Judge trial or Jury Trial.
(2) To face and cross-examine the witnesses who accuse me of the crime charged.
(3) The privilege against self-incrimination or having to take the stand myself and testify.
(4) To have the Court compel my witnesses to appear and testify.
In the instant case, the state sought to show that defendant's 1974 guilty plea was taken in compliance with Boykin and Jackson through the introduction of the minute entry dated October 29, 1974, and the plea of guilty form executed on the same date. The minute entry only reflects that defendant was advised of certain unspecified rights. The plea of guilty form, which may constitute part of the record for Boykin purposes under our decisions in Dunn and Tucker, reflects that defendant understood he was waiving his right to confront his accusers and his privilege against compulsory self incrimination. However, neither of these documents affirmatively shows that defendant expressly and knowingly waived his right to trial by jury. We do not consider the introduction of a plea of guilty form which includes a general waiver of right to trial to be a sufficient affirmative showing that defendant knowingly waived his right to trial by jury. Hence, the state failed to carry its burden under Holden, and is therefore precluded from using defendant's 1974 conviction in an enhancement proceeding.
Accordingly, the trial judge erred in finding defendant to be a third felony offender. Hence, we must reverse the sentence based on that finding and remand the case to the district court for the purpose of resentencing defendant as a second felony offender.

DECREE
Defendant's conviction is affirmed but his sentence as a third felony offender is vacated and set aside and the case is remanded to the district court with instructions to the *527 trial judge to resentence defendant as a second felony offender.
DENNIS, J., concurs.

ON REHEARING
DENNIS, Justice.
Upon defendant's motion we granted a rehearing to consider whether our opinion and decree on original hearing were correct. After rehearing, we conclude that they were correct, except that the case should have been remanded merely with instructions to the trial judge to resentence the defendant in accordance with law. The defendant may not be resentenced as a second offender as the original opinion and decree required.
As we noted in the original opinion, the state failed to carry its burden under State v. Holden, 375 So.2d 1372 (La.1979) and is therefore precluded from using defendant's 1974 conviction in an enhancement proceeding. The multiple offender statute is inapplicable in cases where more than five years have elapsed between the expiration of the maximum sentence of the previous conviction and the time of the commission of the last felony for which the offender has been convicted. La.R.S. 15:529.1(C). Because the defendant's 1974 conviction and sentence cannot be considered in this enhancement proceeding, more than five years has elapsed since the expiration of his six months sentence following his first conviction in 1968. Consequently, the multiple offender statute is inapplicable and the defendant must be sentenced as a first offender.
We have been informed that the trial judge prematurely resentenced the defendant as a second felony offender in response to our original decree. Accordingly, our original decree is amended to read as follows:

Decree
Defendant's conviction is affirmed but his sentences previously imposed in this case are vacated and set aside and the case is remanded to the district court with instructions to the trial judge to resentence defendant in accordance with law and this opinion.
CALOGERO and BLANCHE, JJ., concur and assign reasons.
LEMMON, J., dissents and will assign reasons.
CALOGERO, Justice, concurring.
I concur in the majority opinion because I agree that the 1974 conviction may not be used to enhance defendant's sentence, and without it, the 1968 conviction is barred from use by La.R.S. 15:529.1(C).
However, the majority, on rehearing, reaffirmed the original opinion of the Court which held that the 1974 conviction could not be used to enhance defendant's sentence because the state failed to meet its burden under State v. Holden, 375 So.2d 1372 (La. 1979), since the waiver of rights form did not evidence a waiver, by defendant, of his right to trial by jury. For the reasons stated in my concurring opinion in State v. Age, 417 So.2d 1183 (La.1982) on rehearing, I seriously question whether the state's burden is ever met merely by the introduction into evidence of the waiver of rights form without also the introduction of a contemporaneously recorded transcript of the colloquy between the trial judge and the defendant conducted during the guilty plea proceedings.
BLANCHE, Justice (concurring).
With regard to the opinion on original hearing, this writer finds it intellectually frustrating to apply Boykin in such a technical manner. But since State v. Jones, 404 So.2d 1192 (La.1981), this writer has gone along with the majority's application of Boykin, and does so today, noting defendant's guilty plea was nonetheless, in my opinion, knowingly and intelligently made although not in compliance with our application of Boykin.
NOTES
[*] Judges Melvin A. Shortess, Burrell J. Carter and Felix H. Savoie, Jr. of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and Associate Justices Calogero, Marcus and Dennis.
[1] Defendant has neither briefed nor argued Assignment of Error No. 1; therefore, we consider it to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).
[2] In LeBlanc, we held that the requirements enunciated by Jackson applied to all pleas of guilty to felonies in Louisiana state courts subsequent to December 8, 1971, the date Jackson became final.