MARVIN, Judge.
In one of his assignments of error defendant asserts that his plea of guilty to sexual battery was invalid because he was not expressly advised by the court during Boyk-inization that he had a right to trial by jury and did not expressly waive this right. We agree and set aside the plea and remand the defendant for trial. State v. Santiago, 416 So.2d 524 (La.1982); State v. Age, 417 So.2d 1183 (La.1982); State v. Godejohn, 425 So.2d 750 (La.1983).
The only mention in the transcript of the proceedings on December 6, 1982, when the guilty plea was entered, falls far short of the Boykin requirement. Indeed the trial court’s emphasis is on defendant’s understanding of his 5th Amendment rights against self-incrimination at a trial. To each of the court’s comments and questions, defendant answered, “Yes, sir.”
“Q. It is necessary at the time that the Court explain to you your constitutional rights. You have three basic constitutional rights guaranteed you by the Constitution of the United States. The Fifth Amendment Right is that you cannot be forced in a trial — under a plea of not guilty you cannot be forced at the trial to testify against yourself. I’m sure you’ve heard of the Fifth Amendment. * * *
“Q. It’s the right against self incrimination. In other words, you can’t be forced to testify. Your other two constitutional — basic constitutional rights are guaranteed by the Sixth Amendment and one is that you have a right to be represented, that you have a right to counsel, and you have exercised that right by hiring an attorney to represent you. * * *
“Q. The other constitutional right is that you have a right to come face-to-face, confrontation, with any witness who appears and testifies against you. You have the right to cross examine him. You or your lawyer has the right to cross examine, ask questions of anyone who appears here as a witness against you. * * *
“Q. You also have the right to have compulsory process. That is compulsory service and attendance by anyone who is a witness that you desire to have here in your behalf.
“Q. Now those are your basic constitutional rights. * * *
“Q. Has anyone put any pressure on you to change your plea from — or offer to change your plea from not guilty to guilty?
“A. No, sir, they have not.
“Q. You’re doing it freely and voluntarily?
“A. Yes, sir, I am.”
Defendant was never asked if he understood and was willing to waive or forego his right to trial or to trial by jury.[1]
The Boykin requirements were clearly explained in Age, supra, and Santiago, supra. Age said
“It is now well settled that a guilty plea is constitutionally valid only if the record evidences a knowing and voluntary waiver of the constitutional rights that are being waived, particularly the right to trial by jury, the right to confront accusers and the privilege against self-incrimination. Boykin v. Alabama, *471 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969)....
“In the present case the state introduced only the minutes of the guilty plea proceeding and a waiver of rights form. The minutes show merely that the court ‘interrogated the defendant as to whether he understood his constitutional rights, the court explained the same and the defendant answered in the affirmative.’ This entry falls far short of establishing that the defendant was specifically informed of his right to trial by jury, his right to confront his accusers and his privilege against compulsory self-incrimination, and that he knowingly and voluntarily waived those rights. * * *
“As concerns the advisement of the right to trial by jury, the form only provides that the defendant had a ‘right to trial and free appeal if convicted’ and that he ‘waives right to trial and free appeal by entering plea of guilty.’ Thus, the form does not affirmatively show that defendant was either advised of his right to a jury trial or that he waived that right. A record only evidencing a general advisement of the right to trial and the waiver thereof does not affirmatively show that the defendant knowingly and voluntarily waived his right to trial by jury. State v. Santiago, 416 So.2d 524 (La.1982).” State v. Age, supra, at pp. 1188, 1189. Additional citations omitted.
The state contends that the trial court’s failure to say the “magic word” jury is of no moment under the circumstances because the trial court “clearly informed the defendant that he had a right to trial.” The record does not in any respect support this argument, and the colloquy between the court and defendant which we have quoted in pertinent part does not show what the state asserts. If a defendant is advised by a trial court that he has a right to trial either by judge or by jury at his choice, before he pleads guilty, and at the guilty plea Boykinization, the trial court clearly explains, and gets defendant’s waiver of, the defendant’s right to trial, we can then reach the issue of whether that circumstance meets the Boykin requirements. We do not reach that issue here because the court did not explain, and get defendant’s waiver of, the defendant’s right to trial.
The plea of guilty is set aside and defendant is remanded to the trial court for trial or further proceedings.[2]

. The minutes of the court of September 22, 1982, state that defendant with his first counsel was informed that he could be tried either by a jury or a judge:
“Defendant present, represented by Hon. Clyde Lain, Who enrolled as ... appointed counsel. Defendant through his counsel waived formal arraignment and entered a plea of not guilty to Count 1 Attempted Aggravated Rape. Defendant and counsel were by the Court advised of defendant’s right to have a trial by Judge or jury and advised that all pre-trial motions were to be filed within fifteen (15) days from this date.... Trial set December 6, 1982, Courtroom # 2 at 9:00 a.m.” Defendant was not asked to exercise his choice or to waive his right at any time insofar as this record reveals. Defendant’s present counsel was employed after arraignment.

. Defendant was originally billed for attempted aggravated rape. This bill was amended or changed to charge sexual battery as a part of the plea bargain. A change in the bill of information will be required if defendant will be tried for attempted aggravated rape.