440 So.2d 141 (1983)
STATE of Louisiana
v.
Leonard CRESSY.
No. 82-KA-0895.
Supreme Court of Louisiana.
October 28, 1983.
*142 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John Craft, Lance M. Africk, Asst. Dist. Attys., for plaintiff-appellee.
Calvin Johnson, Loyola Law School Clinic, New Orleans, for defendant-appellant.
DIXON, Chief Justice.
Leonard Cressy was charged by bill of information with armed robbery. (R.S. 14:64). On July 27, 1978 he was tried by a jury of twelve persons and was found guilty as charged. He was then adjudicated a third felony offender and sentenced to seventy years at hard labor. (R.S. 15:529.1). Defendant now appeals his conviction and sentence on the basis of five assignments of error, which he has consolidated into three arguments.[1]
On June 14, 1977, at approximately 9:30 a.m., Ricardo Vita, the banker at Soulie's Incorporated, a wholesale tobacco company, was robbed at gunpoint of $22,000 in checks and $3,000 in cash. Mr. Vita described the weapon used as an Army blue steel .45 automatic. On August 9, 1977 the police received information through a confidential informant of the identification of the armed robber. On August 10, 1977, following this information, there was a photographic lineup at the victim's residence of eight photographs, including defendant's photograph. Mr. Vita identified defendant's photograph as the man who robbed him on June 14, 1977. The victim dated and signed the picture he identified. On January 28, 1978 there was another photographic lineup where James Sharpe, a sales representative for American Tobacco Company, identified defendant as the man he observed outside Soulie's several minutes before the armed robbery. Mr. Sharpe also signed and dated the picture he identified.
Detective Anthony Radosti, who was investigating the armed robbery, executed a search warrant for defendant's residence on August 15, 1977. As a result of the search, Detective Radosti seized a United States Army forty-five caliber gun holster.
Argument No. I (Assignments of Error Nos. I and II)
Defendant argues that the trial court erred in denying his motion to suppress the gun holster seized as a result of the search warrant. Specifically, defendant contends that no search warrant existed, and, therefore, the burden was on the state to prove that the evidence (gun holster) was legally seized. State v. Keller, 403 So.2d 693 (La. 1981).
At the hearing on the motion to suppress the gun holster, on July 11, 1978, the trial court made an explicit reference to the search warrant in denying the motion. The minute entry also reflects that "both sides submitted the matter on the search warrant." Defense counsel made no objection at this time regarding the existence of the search warrant. Further, defense counsel made no objection at trial when Detective Radosti testified that he executed a search warrant for defendant's residence and as a result confiscated the gun holster. Therefore, the existence of the search warrant was not an issue until this appeal.
Defendant cannot now complain on appeal about the nonexistence of a search warrant which he previously admitted existed and the existence of which he never contested below. A new ground for *143 objection cannot be presented for the first time on appeal. C.Cr.P. 841; State v. Simmons, 422 So.2d 138 (La.1982); State v. Harris, 414 So.2d 325 (La.1982); State v. Davis, 357 So.2d 1125 (La.1978).
These assignments of error lack merit.
Argument No. II (Assignment of Error No. III)
Defendant argues further that the trial court erred in permitting the use of improperly Boykinized pleas for enhancement purposes. On March 9, 1970 defendant pleaded guilty in state court to possession of stolen property, in violation of R.S. 14:69. On February 22, 1972 he pleaded guilty in federal court to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). On the basis of these convictions, the trial court found that the defendant was a third offender.
Generally, a trial court has a duty to make sure that guilty pleas are made knowingly and voluntarily. In particular, a trial court should inform a defendant of three constitutional rights which a defendant waives when he enters a guilty plea: the privilege against self-incrimination; the right to trial by jury; and the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). Subsequent to December 8, 1971 all pleas of guilty in Louisiana state courts would not be considered as knowingly and voluntarily made unless the defendant was informed of the three rights listed above. State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
In State v. Holden, 375 So.2d 1372, 1376 (La.1979), however, this court held that a different standard applied to convictions occurring prior to December 9, 1971, as well as to those occurring in federal and non-Louisiana courts:
"However, Lewis is overruled insofar as it announced a similar rule for Louisiana state convictions prior to December 8, 1971, and insofar as it implied a similar rule for federal and non-Louisiana convictions. As to these convictions not governed by our own decisions in Jackson and LeBlanc, we find that the basis in federal constitutional law upon which we relied in Jackson has been modified by United States v. Timmreck [441] U.S. [780], 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). Accordingly, as to these convictions not governed by Jackson and LeBlanc, the state is required only to prove the conviction by a plea of guilty with representation by counsel. The defendant has the burden of proving that he did not waive his constitutional rights in making the plea, if the plea was taken subsequent to Boykin's requirement in this regard. Unless the colloquy at the time of the plea of guilty affirmatively shows substantial defect in this regard, the defendant will not be permitted to make any other collateral attack beyond the colloquy upon these otherwise-valid guilty pleas in the enhanced-punishment proceedings."
This standard, therefore, applies to the convictions at issue here, the first occurring prior to December 8, 1971, and the second occurring in federal court. See also State v. Berndt, 416 So.2d 56, 57-8 (La. 1982).
With regard to the first conviction, the minute entry does not affirmatively state that counsel was present; however, the post-sentence statement formerly required by C.Cr.P. 892, stating the nature of the charge, the action taken, the facts, and the sentence given, is also a part of the record. It indicates that counsel was present at sentencing. Since the minute entry clearly indicates that sentencing occurred immediately after the entering of the guilty plea (March 9, 1970), it appears that counsel was present on that date.
With regard to the second conviction in federal court, the transcript of the colloquy does show that counsel was present and that he actively participated in the defendant's decision to enter a guilty plea. The colloquy also reveals, however, that the federal district judge failed to inform defendant of his privilege against self-incrimination. Since the plea occurred after Boykin and since the record establishes that one of *144 the Boykin requirements for a knowing and voluntary waiver was not mentioned, defendant has carried his burden of proof under State v. Holden, supra. Accordingly, this conviction was improperly used to adjudicate defendant as a third offender, and cannot be used as an enhancing conviction when defendant is resentenced.
Argument No. III (Assignment of Error No. IV)
Defendant argues that the seventy year sentence imposed by the trial judge is unconstitutionally excessive and that the trial judge did not comply with the requirements of C.Cr.P. 894.1 when sentencing defendant. Specifically, he contends that the trial judge did not take into account any mitigating circumstances. (Defendant argues that neither of his previous crimes were crimes of violence, and that he was a heroin addict).
In light of our holding above that the federal conviction was invalidly used for enhancement purposes by the trial court, resentencing is necessary. Moreover, seventy years, standing alone, is an "apparently severe" sentence. State v. Jones, 381 So.2d 416 (La.1980). Furthermore, the sentencing transcript in this case is not available, apparently due to a malfunction in the court reporter's tape recorder; thus, the record before us does not show compliance with C.Cr.P. 894.1. Therefore, upon remand for resentencing the trial judge should comply with C.Cr.P. 894.1.
Accordingly, defendant's conviction is affirmed, and his sentence is set aside; the case is remanded for resentencing in accordance with the views herein expressed.
WATSON, J., dissents and assigns reasons.
LEMMON, J., dissents from the remand for resentencing, believing that the record supports the sentence. State v. Day, 391 So.2d 1147 (La.1980).
WATSON, Justice, dissenting.
While I recognize the applicability of Holden, relied on by the majority, I do not agree with the rule and would not allow such a belated and collateral attack on an eleven year old counseled guilty plea.[1] In my view, defendant is a third offender.
The defendant's conviction and sentence should be affirmed without the necessity of a remand. When the minimum sentence which could have been imposed upon defendant was forty-nine and one-half years and when his prior offenses include distribution of heroin (which is undoubtedly one of the most severe drug-related crimes), a sentence of seventy years resulting from an egregious armed robbery offense is not apparently excessive. Society is entitled to have this third-offender put in prison and kept there.
Therefore, I respectfully dissent.
NOTES
[1] Defendant's fifth assignment of error, that R.S. 15:529.1 constitutes cruel and unusual punishment, was neither briefed nor argued; hence, it is considered abandoned. State v. Perry, 420 So.2d 139 (La.1982).
[1] Cf. State v. Cusher, 400 So.2d 601 (La., 1981) and State v. Warren, 402 So.2d 662 (La., 1981).