462 So.2d 637 (1985)
STATE ex rel. Wendall A. MARTIN
v.
STATE of Louisiana.
No. 83-KH-2016.
Supreme Court of Louisiana.
January 18, 1985.
*638 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., for defendant.
Leroy Melton, Elizabeth Cole, Supervising Atty., Tulane Law School Clinic, New Orleans, for respondent.
PER CURIAM.
Following defendant's conviction for simple burglary in 1978, La.R.S. 14:62, the state filed a multiple bill seeking enhancement of punishment under La.R.S. 15:529.1, based upon defendant's plea of guilty in 1972 to manslaughter. La.R.S. 14:31. Subsequently, defendant was adjudicated a second-felony offender and was sentenced to fifteen (15) years at hard labor. On appeal, we affirmed defendant's conviction and sentence. State v. Martin, 427 So.2d 1182 (La.1983). Thereafter, defendant returned to the trial court where he had entered his 1972 guilty plea and filed an application for post-conviction relief, La.C. Cr.P. art. 924, et seq., on grounds that he had not been advised of his rights under Boykin v. Alabama, 395 U.S. 328, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial court granted him relief on March 14, 1983 and set the 1972 conviction aside. Defendant then filed a second application for post-conviction relief in the trial court where he had been convicted in 1978, contending that the Boykin defects in his 1972 plea had rendered the subsequent multiple offender proceeding invalid.[1] The trial court denied him relief on July 1, 1983, and we granted defendant's application for supervisory writs to review the correctness of that ruling. We now reverse.
The transcript of defendant's 1972 guilty plea, as well as the guilty plea form used in that proceeding, fully support the trial court's determination in 1983 to set that plea aside. Defendant had not been advised of his right to a jury trial, right to confront his accusers, or his privilege against self-incrimination, as required by this Court's Boykin standard. State v. *639 Cressy, 440 So.2d 141 (La.1983); State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972). A guilty plea obtained in violation of an accused's constitutional rights is invalid, and may not serve as a basis for enhancing punishment under La.R.S. 15:529.1. State v. Lynch, 441 So.2d 732 (La.1983); State v. Cressy, supra; State v. Lefevre, 419 So.2d 862 (La. 1982). Defendant's failure to raise the Boykin claim in the 1978 multiple offender proceeding may have barred review of the merits on direct appeal in State v. Martin, supra. Cf., State v. Holden, 375 So.2d 1372 (La.1979). It did not, however, preclude defendant from challenging the constitutionality of his 1972 guilty plea in the court where he entered it and then moving for relief in the court where he was convicted of a subsequent offense in order to determine the validity of the enhanced punishment there. La.C.Cr.P. art. 925; State ex rel. Becnel v. Blackburn, 410 So.2d 1015 (La.1982); State v. Linkletter, 345 So.2d 452 (La.1977).
LEMMON, J., concurs. The 1972 manslaughter plea should not have been set aside, but the state did not seek review of that ruling and in fact acquiesced by immediately accepting a new plea with a sentence concurrent to the one imposed in the present case. The state, therefore, has no complaint about the collateral consequences in this case resulting from its actions and inactions in the manslaughter case.
NOTES
[1] Defendant's first conviction came in Section "J" under docket number 244-702, Orleans Parish Criminal District Court. His second conviction was also in Orleans Parish, in Section "C", under docket number 263-888. Following his conviction in Section "C", the state filed its multiple bill and that section of court adjudicated defendant a second offender in 1978.