ARMSTRONG, Judge,
dissenting.
I respectfully dissent. The trial court followed the clear mandate of LSA-R.S. 15:529.1 (D), which provides in pertinent part:
... If the judge finds that [the defendant] has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment proscribed in this Section ... (emphasis added).
Here the defendant acknowledged that he had been previously convicted as alleged, and he offered no objection to the State’s use of the predicate offense.
It is well settled that a defendant who fails to object at a multiple offender hearing to the validity of the guilty plea which serves as a predicate offense can not, for the first time on appeal, contend that the state failed to carry its burden of proving the validity of the former plea. State v. Talbert, 416 So.2d 68 (La.1982); State v. Nelson, 379 So.2d 1072 (La.1980); see State ex rel. Martin v. State, 462 So.2d 637 (La.1985); State v. Lefevre, 419 So.2d 862 (La.1982).
In the instant case the defendant merely objected, after sentence, to the application of the habitual offender statute. He did not object to the validity of the prior plea or assert any defect in the Boykinization connected with the plea. Defendant’s objection could have been interpreted as an assertion that. 1.) the habitual offender statute was unconstitutional as written or applied, 2.) the predicate offense was not a felony under Louisiana law or 3.) the five year cleansing period of LSA-R.S. 15:529.-1(C) had elapsed. Such a generalized and untimely objection was not sufficient to place the State on notice as to its burden of proof in the habitual offender proceeding.
Accordingly, defendant’s remedy is an application for post-conviction relief. See Martin, supra; Talbert, supra.