CIACCIO, Judge.
In the district court relator filed an application for post-conviction relief directly attacking a conviction for felony theft resulting from a guilty plea entered on August 14, 1981. His attack was on the ground that he had not been advised properly of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The district court declined consideration of relator’s application because he was no longer in custody as that term is defined in La.C.Cr.P. Art. 924.
A strict reading of La.C.Cr.P. Art. 924 lends itself to the conclusion that only convicts “in custody” may file applications for post-conviction relief. We hold, however, that a convict need not be in custody to attack his conviction as having been unconstitutionally obtained in contravention of the principles set out in Boykin v. Alabama, above. Compare, State ex rel. Martin v. State, 462 So.2d 637 (La.1985). If this were not so, the length of a convict’s sentence would become peremptive of his right to challenge his conviction.
We do not suggest that any rule of procedure be disregarded, but find that the various pleadings identified by particular name in the code, e.g. post-conviction relief or habeas corpus, do not identify with exclusivity the kinds of pleadings available. Substance as well as form should be considered. The name affixed to a pleading should not operate automatically to exclude the pleading from consideration.
The district court should have considered the substance of relator’s petition, and considering the claim made, should have addressed the merits. Rather than remand, however, because relator has included in his application to this court a copy of the transcript of his guilty plea, as a matter of judicial economy we will address the merits of relator’s claim.
Relator complains that when he pleaded guilty he was not advised that in a jury trial he would be allowed to voir dire prospective jurors. The transcript of the colloquy between defendant and the court at the guilty plea shows that defendant was advised that he had a right to trial by a six-member jury whose verdict must be unanimous or he could elect to be tried by the judge alone as trier-of-fact. Defendant was adequately informed of his right to trial by jury, he need not be informed of all the procedural aspects of that right.
The colloquy transcript also shows that the court informed defendant of his privilege against compulsory self-incrimination, i.e. his right to remain silent, and of his right to confront his accusers, i.e. to cross-examine the witnesses against him. The court also informed defendant of other rights which he could exercise, and advised him that by pleading guilty he was waiving all of these rights. Defendant indicated that he understood all that the court had told him. The court determined that there was a factual basis to support the guilty plea and that defendant was pleading guilty because he was in fact guilty.
We find that the colloquy transcript shows full application of the Constitutional principles enunciated in Boykin v. Alabama, above, and expanded upon and applied by Louisiana jurisprudence. Relator’s claim of improper Boykinization is without merit. His request for relief is denied.