hWALTZER, Judge.
Relator seeks review of a ruling of the trial court denying post conviction relief. The trial court found no merit in the Relator’s allegations that a) his sentence should be corrected because of its illegality; b) that the trial court instructed the jury ex parte; and c) that appellate counsel was ineffective on appeal.

PROCEDURAL BACKGROUND

After trial by jury, Relator was found guilty of simple burglary on 21 October 1993. On 15 March 1994, he was sentenced to life imprisonment at hard labor as a fourth felony offender pursuant to La.R.S. 15:529.1. On appeal, the conviction and sentence were affirmed. State v. Lamison, 94-1639 (La. App. 4 Cir. 11/17/94), 646 So.2d 1262. Appellate counsel for Relator asserted in the only assignment of error, that Lamison’s sentence was excessive. The appeal brief filed by his counsel was not an errors patent brief as defined in Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990). Specifically, counsel complained about the imposition of the life sentence, in view of the fact that La.R.S. 15:529.1 A(3)(a) would have permitted a sentence for a fourth felony offender to be “a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years.”
Relator thereafter sought copies of his trial transcript and transcripts of all other proceedings in writ 95-K-1974. The writ was denied pursuant to State ex rel. Bernard v. Criminal Dist. Court Section J, 94-2247 (La.4/28/95), 653 So.2d 1174.
In writ 96-K-0422, Relator asserted that the documents presented by the State at the *986 multiple offender hearing failed to establish that his pleas in eases No. 271-860 “C” and No. 269-659 “F” were constitutionally valid. Specifically, he alleged that he was not informed of his right to a jury trial and his right to remain silent. This application was denied pursuant to State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172.
In the current application, Relator raises three claims: 1) his conviction as a multiple offender is unconstitutional; 2) his right to a fair trial was violated when the trial court engaged in an ex parte communication with the jury during deliberations; and 3) his right to effective assistance of counsel on appeal was denied because counsel failed to raise claims (1) and (2).

EX PARTE COMMUNICATIONS WITH THE JURY

We address Relator’s claim that he was denied a right to a fair trial in summary fashion. The gist of his claim is that the jury foreperson inquired of the bailiff about being deadlocked. Relator represents that the trial judge instructed the bailiff to inform the jurors that it was his desire/request that they continue deliberating until they could reach a verdict. Relator contends that this was error because neither he nor his attorney were present. Further, Relator asserts that appellate counsel was ineffective because this error was not assigned on appeal.
The transcript of the 9 February 1994 hearing in the district court reveals that the trial court denied Relator’s claim, noting specifically that the configuration of the court room was such that it was impossible for Relator to have seen or heard what he alleges. The trial court informed Relator that he hwould reopen the motion if Relator could find other witnesses. No other witnesses were presented. As in the court below, Relator fails to provide any evidence in this court to substantiate his allegations of ex parte communications with the jury. Accordingly, this claim has no merit and the claim that counsel was ineffective for having failed to raise this alleged error on appeal has no merit.

THE VALIDITY OF THE MULTIPLE OFFENDER ADJUDICATION AND APPELLATE COUNSEL’S INEFFECTIVENESS ON APPEAL

This claim is similar to that raised in writ 96-K-0422; however, Relator now also contends that counsel was ineffective for failing to raise the invalidity of the multiple offender adjudication as error on appeal. Relator has now provided this court with the transcripts of the guilty plea colloquy to the predicate convictions in eases No. 269-659, 271-860 and 285-339. A careful review of these transcripts shows that Relator’s claim has merit; he was not informed of his Boykin rights. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Appellate counsel’s performance on appeal was ineffective because on appeal the excessiveness of Relator’s sentence was the sole error assigned. In this context, it was imperative that counsel inspect the multiple offender adjudication and the transcript of that hearing. Had counsel inspected these transcripts prior to the appeal and attached them to the record on appeal, this Court would have had a complete record on which Relator would likely have prevailed insofar as the multiple offender adjudication would have been vacated. Clearly, counsel would have noticed on reviewing the multiple offender hearing transcript that during that hearing trial counsel vigorously objected to the introduction of the requisite guilty pleas as predicate convictions for the resultant life sentence. Having noticed trial counsel’s | objections, counsel should have insisted that transcripts of the guilty plea colloquies of the predicate offenses be made part of the appellate record. Significantly, the assignment of error relating to the excessiveness of the sentence would have been decided in a different manner. The infirmities of the guilty plea colloquies are blatant and Relator was given a life sentence as a multiple offender. Relator, without any fault of his own, was severely prejudiced through counsel’s omission; he is serving a life sentence. This assignment of error has merit.

DISCUSSION AND ANALYSIS

The transcript of the multiple offender hearing on 9 February 1994 shows that trial *987 counsel for the defense objected to the introduction of the state’s evidence on cases No. 271-860 “C” and 269-659 “F”, alleging that the evidence failed to establish that Relator was advised of his right to trial by jury and right to remain silent. Trial counsel also cited State v. Shelton, 621 So.2d 769 (La. 1998) in support of his objection.
The exhibits offered by the State in both eases fail to show that Relator was specifically advised of his right to trial by jury as required by Boykin. Relator was informed of his right against self-incrimination. Although properly objected to at the multiple offender hearing, trial counsel did not then seek a continuance to obtain the Boykin transcripts; however, Relator testified at the hearing that he was not informed of his rights. In light of the failure of the guilty plea waiver forms submitted by the State to reflect that Relator knew he was waiving his right to trial by jury, and Relator’s testimony at the hearing, |sthe trial court was on notice and should have required the State to submit perfect transcripts of the plea colloquies.[1]
Considering the Boykin transcripts together with the exhibits offered by the State, the transcript in case No. 269-659 “F”, fails to show that Relator was informed of his right to trial by jury. The guilty plea waiver form fails to show that Relator was informed of his right to trial by jury. This conviction does not support a finding that Relator is a fourth felony offender.
The transcript in case No. 271-860 “C”, shows that Relator was informed of his right to trial by jury, although he was not informed of his right against self-incrimination and his right to confront his accusers. Nonetheless, coupled with the guilty plea waiver form submitted by the State showing that he was advised of those rights, and counsel’s statement that he explained those rights to Relator, this conviction was properly used to find Relator a multiple offender. The transcript and evidence submitted by the State in case No. 285-839 “G” are sufficient for the same reasons.
In sum, the record before this Court shows that at most, Relator could have been found to be a third felony offender. As a third felony offender, | (¡Relator was exposed to a sentence of “not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.” La.R.S. 15:529.1 A(2)(a). For a third felony offender in Relator’s situation (the last conviction was for a violation of La.R.S. 14:62, relative to simple burglary, carrying a maximum sentence of twelve years imprisonment), twenty-four years is the maximum sentence.
We are mindful that we have consistently declined to consider sentencing errors on post conviction relief. State ex rel. Melinie v. State, supra. We also know that this Court has always held that the proper procedure to collaterally attack a prior guilty plea is to petition the court in which the plea was entered. State ex rel Martin v. State, 462 So.2d 637 (La.1985). In Relator’s case, however, any such attack would be barred by the prescriptive period of La.C.Cr.P. art. 930.8.
To disallow a remedy based on this record and the serious deprivation of Rela *988 tor’s right to effective counsel on appeal, would work a grave injustice on the Relator and deny him his constitutionally guaranteed right to counsel. Appellate counsel did not add to the single assignment of error of excessive sentence a request that the record be supplemented with the multiple bill transcript. At the time of Relator’s appeal, this Court did not require that the record on appeal be supplemented by a sentencing or multiple bill transcript to be considered complete. The Court would supplement the record if needed for a complete review of any issues raised and did supplement the appellate record pin this case with a sentencing transcript.[2] The appeal record was not supplemented with the multiple offender hearing transcript because sentencing occurred after and separately from the multiple bill hearing.[3] Apparently, counsel never saw the multiple offender transcript containing trial counsel’s objections to the validity of the Relator’s prior guilty pleas. This omission was particularly prejudicial to the Relator because, at the time of the multiple offender hearing, La.C.Cr.P. art 930.8 was fully in effect. The three-year procedural bar contained in that article prevents the Relator from attacking his predicate guilty pleas in the courts where they originated.

CONCLUSION

Because the multiple bill transcript was not required at that time to be a part of the appeal record for appellate counsel’s review, counsel failed to request it. A review of that transcript would have revealed an error which could not be remedied except on appeal. Therefore, Relator was denied the effective assistance of counsel. We find nothing in appellate counsel’s omission that might be considered a sound appellate strategy or the result of the exercise of reasonable professional judgment. The error here is so crucial to the Relator’s Sixth Amendment rights that we are constitutionally required to set aside the multiple bill adjudication finding Relator a fourth felony offender and the resultant life sentence. There can be no question that but for appellate | gcounsel’s error, the result of the Relator’s first direct appeal would have been different. If the first appeal of right is not adjudicated in accord with due process of law the Relator does not have effective assistance of counsel. U.S. Const. Am. 6 and Am. 14. Because we find that Relator has successfully challenged the result of appellate counsel’s omission on fundamental fairness grounds, we vacate the multiple offender adjudication and resultant life sentence. The record reflects that Relator was never sentenced on his conviction for simple burglary. ACCORDINGLY, this matter is REMANDED for further proceedings consistent with' this opinion.

WRIT GRANTED; MULTIPLE OFFENDER ADJUDICATION REVERSED; MULTIPLE OFFENDER SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.

. In State v. Shelton, supra, our Supreme Court set out the allocation of the burden of proof in a multiple offender proceeding: "If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularily in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a ‘perfect’ transcript of the taking of the guilty plea, one which reflects a colloquy between the judge and the defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than a ‘perfect’ transcript, for example, a guilty plea form, a minute entry, an 'imperfect' transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights.” Id. at 779-780.

. This Court has adopted Local Rule 17, effective 1 January 1997, which addresses the type of problem found in this case. Paragraph A of Local Rule 17 was adopted in part because of State ex rel. Melinie v. State, supra. Local Rule 17(A) states in pertinent part:
Criminal appeal records lodged with the Fourth Circuit shall contain the trial transcript, the sentencing and multiple bill transcripts (if the defendant was sentenced as a multiple offender under La.R.S. 15:529.1),....

. The multiple offender hearing occurred on 9 February 1994, and sentencing occurred on 15 March 1994.