liCARAWAY, Judge.
The issue in this case is whether the State proved a predicate offense which occurred in the State of Maryland sufficiently to adjudicate the defendant, Robert A. Stewart, a fourth felony offender. We find the State met its burden of proof under La.R.S. 15:529.1(D)(l)(b) and State v. Martin, 427 So.2d 1182 (La.1983). We therefore affirm the adjudication and sentence proceedings.
A jury convicted Stewart of possession of cocaine in March 1993. The State later billed him as a habitual offender; the District Court adjudicated him a fourth felony offender and sentenced him to 20 years at hard labor. On appeal, however, this court held that the District Court improperly considered two of the predicate offenses, in that the State failed to prove that the guilty pleas giving rise to those convictions were made with representation of counsel. State v. Stewart, 27,049 (La.App. 2d Cir. 5/10/95), 656 So.2d 677, writ denied 95-1764 (La.12/8/95), 664 So.2d 420. On remand, the District Court held another habitual offender hearing, again found Stewart to be a fourth felony offender and sentenced him to 20 years at hard labor. Stewart again appeals, urging the record is still inadequate to prove he was represented by counsel when he pled guilty to robbery on October 31, 1980 in Prince George’s County, Maryland.
*107 At the instant hearing, the State introduced court minutes showing that on October 6, 1980, Mr. Autry N. Noblitt made an appearance as public defender in Stewart’s behalf. Later on October 31, when defendant’s guilty plea was entered, the minutes are silent regarding the presence of Mr. Noblitt or other counsel. The minutes, which likewise make no mention of defendant’s waiver of his Boykin rights, do reflect that following the court’s setting of the sentencing date for December 9,1980, “all parties and attorneys” were notified by the clerk.
|2The State called Mr. Noblitt to testify. He stated that he was public defender for Prince George’s County from 1972 until his retirement in 1990, and normally handled 90 to 100 eases per year. He reviewed the minutes in his testimony, but he had no independent recollection of Stewart or his case. However, he stated that based on his habit and court procedures he would have been there when the defendant pled guilty. In fact, he was fairly certain the guilty plea could not have happened without his presence. He concluded that in his estimation, he was present for Stewart’s guilty plea. The defendant presented no evidence at the hearing.
As noted, the District Court found that based on the testimony and evidence adduced, counsel was present for Stewart’s October 31, 1980 guilty plea; the court adjudicated him a fourth felony offender. It later sentenced him to 20 years at hard labor, the minimum allowed under the Habitual Offender Law, and denied Stewart’s motions for reconsideration.
In State v. Holden, 375 So.2d 1372 (La. 1979), the court addressed the use of a prior guilty plea and federal conviction in the setting of a habitual offender hearing. The federal conviction was proven by a certified copy of the indictment and minute entry indicating the defendant’s plea. The minute entry was silent regarding whether the defendant made his plea with his Boykin rights having been adequately reviewed and waived. Additionally, the defendant took the stand in the enhancement proceeding and testified that “he did not recall any lawyer or other person informing him of the consequences of his guilty plea.” Nevertheless, based upon the presumption of regularity that attaches to a judgment of conviction, the proof offered by the state was ruled adequate to enhance the defendant’s sentence absent a specific showing by the defendant that his Boykin rights were violated at the time the plea was entered. In other words, the essential waiver of these ^constitutional rights, though unproven on the face of the minute entry offered by the state, was presumed in Holden to have occurred because of the presumption of regularity of the conviction. Cf. Parke v. Raley, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992).
The ruling in Holden was later amplified in State v. Martin, 427 So.2d 1182 (La.1983) where, like the present case, the state’s offer of a minute entry of the guilty plea failed to reflect the presence of defense counsel in the court at the time the plea was accepted. The court stated that Holden
“did not state that the existence of a minute entry reference to counsel’s presence in the certified copy of the prior conviction was an essential element of the state’s proof in a multiple offender hearing. However, if the opinion may be so interpreted, we hereby clarify the holding of Holden to require a defendant to object at the multiple offender hearing to the failure of the record of the predicate felony to reflect the presence of counsel or to raise the issue in the post conviction application, at which he will have the opportunity (and the burden) to prove such an allegation.”
The “silent” minute entries were enough in Holden and Martin[1] to support the enhanced sentences in the absence of proof by the defendant that his constitutional rights had in fact been infringed. In this case, other minute entries, both before and after the time of the guilty plea, reflect that counsel had been appointed for the defendant *108 and that notice was given to counsel of the sentencing hearing which occurred after the entry of the plea. Mr. Noblitt’s testimony further revealed his understanding of the minute entries of the defendant’s prior conviction which appeared to him to reflect continuous representation of counsel. Only on one occasion during his long tenure as a public defender had a criminal defendant to whom he had been appointed as counsel ever waived the right to counsel and all other criminal defendants who had pled guilty had done so in his presence before |4the court. We are therefore convinced that the state adequately met its initial burden in this case with the minute entries, the testimony of the attorney, and most significantly, the presumption of regularity which prior convictions should be given.

Decree

For the reasons expressed above, we affirm defendant’s conviction and sentence as a fourth felony offender.
AFFIRMED.
PEATROSS, J., concurs with written reasons.
NORRIS, J., dissents with written reasons.

. Holden and Martin are two cases which specifically deal with minute entries such as the ones at issue. Though certain language in State v. Shelton, 621 So.2d 769 (La.1993) might be read to require that the minute entry reflect the presence of counsel, the decision did not address that fact setting, did not overrule Martin, and expressly affirmed the holding in Holden.