386 So.2d 77 (1980)
STATE of Louisiana
v.
Floyd JEFFERSON.
STATE of Louisiana
v.
James BELL.
Nos. 67289, 67290.
Supreme Court of Louisiana.
July 2, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Thomas Chester, Asst. Dist. Atty., for plaintiff-relator.
Dwight M. Doskey, Orleans Indigent Defender Program, New Orleans, Patricia Christofferson, for defendants-respondents.
PER CURIAM:
We have consolidated the state's application for supervisory writs in each of defendants' cases to consider a single question. Defendants claimed at their multiple offender hearings that they did not receive, or could not recall receiving, appropriate Boykin warnings in entering prior pleas of guilty. The challenged pleas came after the opinion in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and before our decision in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1976). The trial court thought that defendants' disclaimers, and the absence in *78 each case of a contemporaneous Boykin record, sufficient to bar the state's use of prior convictions under R.S. 15:529.1. We disagree, reverse the rulings of the trial court, and remand for resentencing.
Defendant Floyd Jefferson was charged in a two-count bill of information with simple burglary, La.R.S. 14:62 and the receiving of stolen things, La.R.S. 14:69. On October 25, 1979, he entered a plea of guilty as charged to the burglary offense, the state dismissing the second count that same day. Thereafter, the state filed an information against defendant under the provisions of R.S. 15:529.1 alleging two prior convictions, both by plea: one, on December 27, 1974, to possession of methadone, La.R.S. 40:967; the other, on April 2, 1970, to attempt burglary, in violation of R.S. 14:27; 14:62. After a hearing conducted on this information, March 10, 1980, the trial court found defendant a second, not third, felony offender, and sentenced him to six years' imprisonment at hard labor.
Defendant James Bell was charged by bill of information with theft in the amount of nine hundred ($900.00) dollars, La.R.S. 14:67. On October 2, 1979, he entered a plea of guilty as charged in the same court that would consider defendant Jefferson's case. In subsequently charging him as a multiple offender under La.R.S. 15:529.1, the state relied on two prior convictions: a plea in October 30, 1968, to theft, La.R.S. 14:67; and a second plea on July 20, 1970, to armed robbery, La.R.S. 14:64. After a hearing on March 10, 1980, the same day it sentenced Jefferson, the trial court dismissed the multiple bill altogether. It then sentenced Bell to five years' imprisonment at hard labor.
The trial court's rulings focused exclusively on the 1970 convictions. In addition to the state's independent proofs at the hearings, defendants took the stand and freely admitted their prior pleas in 1970. They also conceded they had been represented by counsel, a fact clearly established by certified minute entries of the pleas in each case submitted by the state. Defendant Bell, however, denied that either the trial court or counsel explained to him the consequences of his pleas. Less certain, Jefferson could recall only that the trial judge "asked me some questions . . . before he gave me the time . . . but what it was, I don't know." Both defendants testified that their pleas were otherwise voluntary.
The trial court emphasized in each case that the state had failed to produce a contemporaneous record indicating compliance with Boykin. For that lack, defendant's testimony stood unopposed and, in the court's view, appeared sufficient to meet "the burden placed on defendant in these matters . . ." The trial court accordingly placed the 1970 convictions beyond reach of the state. In the case of Bell, the ruling meant dismissal of the bill altogether, as the 1968 conviction appeared too remote for purposes of La.R.S. 15:529.1(C). In Jefferson's case, the ruling meant a reduction in sentencing liability from a third to second felony offender, as the court found his 1974 conviction valid.
The trial court's rulings were erroneous. With the decisions in State v. Holden, 375 So.2d 1372 (La.1979) and State v. Bolton, 379 So.2d 722 (La.1980), this Court has now firmly established that for all pleas taken in Louisiana prior to December 8, 1971, the date of finality of State ex rel. Jackson v. Henderson, "the state is required only to prove the conviction by a plea of guilty with representation by counsel." State v. Holden, 375 So.2d at 1376. Defendant thereafter "has the burden of proving that he did not waive his constitutional rights in making the plea, if the plea was taken subsequent to Boykin's requirements in this regard."
In this case, the certified copies of the minute entries in each case, we well as defendant's testimony from the stand, established unequivocally that defendants were represented by counsel when they entered their pleas in 1970. The pleas came after the decision in Boykin (1969) and before the opinion in Jackson, supra. Holden thereafter shifted the burden of voluntariness to the defense, a fact acknowledged by the trial court. As set forth above, the trial court ultimately concluded that defendant's testimony alone met that burden. Holden *79 specifically cautioned, however, 375 So.2d at 1376 that "[u]nless the colloquy at the time of the plea of guilty affirmatively shows substantial defect in this regard, the defendant will not be permitted to make any other collateral attack beyond the colloquy upon the otherwise valid guilty pleas in the enhanced punishment proceedings."
In the present cases, counsel failed to support defendant's testimony with a transcript of the prior pleas indicating substantial Boykin defects.[*] On this record under Holden, the defendant's have therefore not made out their claims, at least in the present context. Accordingly, we reverse the ruling of the trial court, vacate the sentences imposed, and remand these cases for resentencing in accord with the views expressed herein.
REVERSED AND REMANDED FOR RESENTENCING.
DIXON, C. J., dissents.
NOTES
[*] In defendant Bell's case, at least, the effort was made, if by the state, and proved unavailing. At the hearing on the multiple bill, the prosecutor took the stand and detailed his attempts to find a contemporaneous record of Bell's plea. According to his testimony, the records seem to have disappeared. Nonetheless, State v. Bolton makes clear that neither defendant is without a remedy here. Bolton thus explains, 379 So.2d at 723 that "[f]or any other collateral attack upon the prior plea [not based on the colloquy at the time of the plea], the defendant is relegated to any remedy he has in the court which took his plea."