415 So.2d 930 (1982)
STATE of Louisiana
v.
John E. SMITH.
No. 81-KA-0876.
Supreme Court of Louisiana.
January 25, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Joseph Meyer, John Craft, Asst. Dist. Attys., for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
*931 MARCUS, Justice.[*]
John E. Smith was charged in the same information with two counts of theft in violation of La.R.S. 14:67, one count of receiving stolen things in violation of La.R.S. 14:69, and one count of simple burglary in violation of La.R.S. 14:62. Defendant pled not guilty to these charges. Subsequently, the state nolle prossed the theft charges and defendant withdrew his former pleas of not guilty to receiving stolen things and simple burglary and entered pleas of guilty to these charges. After waiving the legal delay, defendant was sentenced to serve three years in the parish prison on each of the two counts with credit for time served. The court expressly directed that the sentences be served concurrently.
Thereafter, the district attorney filed an information pursuant to La.R.S. 15:529.1 (Habitual Offender Law) accusing defendant of a prior conviction under the laws of the State of Florida which, if committed in this state, would be a felony. Said conviction was based on a plea of guilty. After a hearing, the trial judge found defendant to be a second felony offender. He vacated the sentences previously imposed and sentenced defendant to serve four years in the parish prison on each count with credit for time served. The court expressly directed that the sentences be served concurrently. On appeal, defendant relies on two assignments of error, both of which relate to the finding by the trial judge that he was an habitual offender.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends the trial judge erred in finding him to be an habitual offender. He argues that he was restricted in showing that his prior out-of-state conviction by guilty plea, used to enhance his sentences, was not taken in compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). He further argues that his testimony at the habitual offender hearing was sufficient to bar the state's use of the prior out-of-state conviction.
At the habitual offender hearing, after defendant denied the allegations of the information, the state introduced, without objection, a certified copy of the minutes of defendant's prior conviction in the Circuit Court of Escambia County, Florida. These minutes reflect the following:
On this September 21, 1976, came in person and by counsel, Gregg Hall, the defendant, John Elbert Smith, into open court. Whereupon, said defendant requested permission to withdraw his plea of not guilty entered July 6, 1976. Said permission was granted by the Court, and said defendant having waived arraignment on July 6, 1976, entered his plea of guilty to Burglary of Auto as charged under the first count and Grand Larceny as charged under the second count of the information filed herein against him. The Court accepted defendant's plea after first determining through interrogation of defendant that the plea was made voluntarily with understanding of the nature of the charges and after inquiring and determining that there was a factual basis for same ....
Defense counsel stipulated that the present accused and the defendant in the Florida proceedings are one and the same person. Defendant also affirmed this fact in his testimony. He further testified that he could not remember whether or not the Florida trial judge informed him of his right to trial by jury, his right to confront and cross-examine witnesses against him, and his privilege against self-incrimination. He did recall that on the morning of trial his lawyer told him that, if he agreed to plead guilty, he could get credit for time served and go home that day. On the other hand, he stated that he was told that, if he did not agree to plead guilty, he would be sentenced to a few years in jail. He testified that he agreed to the plea bargain. At the completion of defendant's testimony, *932 defense counsel introduced in evidence a letter from the Clerk of the Circuit Court of Escambia County stating that a certified copy of the minutes of September 21, 1976 of the Florida proceedings was enclosed but that a transcript of said proceedings was only available through the circuit court reporters. Defense counsel also introduced in evidence a letter from the Office of the Public Defender of Escambia County indicating that the requested transcript of the Florida proceedings was missing and had probably been destroyed by water damage. At the conclusion of the hearing, the trial judge found defendant to be a second felony offender and sentenced him as aforesaid.
In State v. Holden, 375 So.2d 1372 (La. 1979), we held that when the state intends to use a federal or non-Louisiana plea of guilty as a prior conviction in order to enhance punishment under La.R.S. 15:529.1 (Habitual Offender Law):
the state is required only to prove the conviction by a plea of guilty with representation by counsel. The defendant has the burden of proving that he did not waive his constitutional rights in making the plea, if the plea was taken subsequent to Boykin's requirement in this regard. Unless the colloquy at the time of the plea of guilty affirmatively shows substantial defect in this regard, the defendant will not be permitted to make any other collateral attack beyond the colloquy upon these otherwise-valid guilty pleas in the enhanced-punishment proceedings.
See also State v. Jefferson, 386 So.2d 77 (La.1980); State v. Bolton, 379 So.2d 722 (La.1979). For any other collateral attack upon the prior plea of guilty, the defendant is relegated to any remedy he has in the court which took his plea. State v. Bolton, supra.
In the instant case, a certified copy of the minutes as well as the testimony of defendant unequivocally establish that defendant was represented by counsel at the time he entered his guilty plea on September 21, 1976 in the Circuit Court of Escambia County, Florida. Hence, the state fulfilled its requirement under Holden. At this point, the burden of proof shifted to defendant. Defendant testified that he did not recall being advised of his Boykin rights; however, he failed to support his testimony with a transcript of the colloquy at the time of the plea of guilty indicating substantial Boykin defects. Hence, defendant did not meet the burden of proof required by Holden. We do not believe that the possible destruction of the transcript of the colloquy warrants an exception to the rule regarding collateral attacks on federal and non-Louisiana pleas of guilty announced in Holden and followed in Bolton and Jefferson. Defendant, of course, retains his remedies in the court which took his plea.
Accordingly, the trial judge did not err in finding defendant to be an habitual offender. Assignments of Error Nos. 1 and 2 are without merit.

DECREE
For the reasons assigned, defendant's convictions and sentences are affirmed.
DIXON, C. J., dissents with reasons.
LEMMON, J., dissents and assigns reasons.
LEAR, J. ad hoc, dissents.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
This court never contemplated, in the Holden case, that the defendant would be precluded from attacking an out-of-state plea of guilty if he could not produce a transcript of the Boykin colloquy. This is too much of a burden to be borne by an indigent defendant in a Louisiana jail.
LEMMON, Justice, dissenting.
The trial court incorrectly held that defendant failed to carry his burden of proof because he could not provide a transcript of his Florida guilty plea. Once the defendant satisfactorily established the unavailability of the transcript, he should have been permitted to attempt to obtain other evidence to establish that his plea was not intelligently *933 and voluntarily entered. If the transcript is unavailable, both the state and the defendant (who under Holden must carry the burden of proof) should be able to use whatever evidence is available.
I would remand for another evidentiary hearing.[1] At the hearing the trial court should consider any reliable forms of proof, including properly authenticated documents, affidavits and other reliable hearsay.[2]

On Rehearing
CALOGERO, Justice.
Defendant John E. Smith pled guilty to one count of receiving stolen things (La. R.S. 14:69) and one count of simple burglary (La.R.S. 14:62). Thereafter, he was prosecuted as an habitual offender under La.R.S. 15:529.1. Based on his prior guilty plea in a Florida Court in 1976, defendant was adjudicated a second offender.
On appeal defendant challenges his conviction as an habitual offender relying on two assignments of error. Basically defendant argues that the Florida guilty plea conviction should not have been used to enhance his punishment because he was not properly Boykinized prior to entering that plea.
On original hearing, relying on State v. Holden, 375 So.2d 1372 (La.1979), we rejected the argument and held that the defendant had not met his burden of proving that he was not properly Boykinized during the Florida proceedings since he failed to support his testimony with the transcript of the colloquy indicating substantial Boykin defect. We granted the rehearing to reconsider that determination.
State v. Holden, supra, addressed the issue of the use, in multiple-offender proceedings, of a conviction by guilty plea from a non-Louisiana or foreign jurisdiction. Therein, we held that for the use of such convictions in enhancement proceedings in Louisiana:
the state is required only to prove the conviction by a plea of guilty with representation by counsel. The defendant has the burden of proving that he did not waive his constitutional rights in making the plea, if the plea was taken subsequent to Boykin's requirement in this regard. Unless the colloquy at the time of the plea of guilty affirmatively shows substantial defect in this regard, the defendant will not be permitted to make any other collateral attack beyond the colloquy upon these otherwise-valid guilty pleas in the enhanced-punishment proceedings.[1]
Defendant herein argues that State v. Holden, supra, should be overruled, or at least amended, because it places an unconstitutional burden on the defendant with an out of state conviction, especially where the transcript of the out of state proceeding is unavailable through no fault of the defendant's. His first argument concerns the disparate treatment afforded different defendants under Holden. For a prior Louisiana guilty plea conviction [entered after December 8, 1971, the date of the finality of State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971)] the state has the burden to prove by a contemporaneously recorded transcript of the colloquy between the trial judge and the defendant the advisement *934 and waiver of Boykin rights.[2] On the other hand, under Holden, for a prior non-Louisiana guilty plea conviction the defendant has the burden of proving the invalidity of the prior plea. Furthermore, and as a second argument, he complains that Holden unconstitutionally limits, to a recorded colloquy, the type of proof he may use to carry this burden.
Prior to the Holden decision, State v. Lewis, 367 So.2d 1155 (La.1979) had held:
only those previous pleas of guilty may be used to enhance a sentence which are supported by a contemporaneous record of a Boykin examination demonstrating the free and voluntary nature of a plea of guilty with an articulated waiver of the constitutional rights required by Boykin v. Alabama.

In Holden we modified the broad holding of Lewis insofar as it pertained to both non-Louisiana guilty plea convictions and guilty pleas entered in Louisiana before December 8, 1971. We were prompted in this regard by United States Supreme Court decisions which indicated that the requirement of an articulated waiver of the "Boykin rights" (the right to trial by jury, the right to confront accusers and the privilege against compulsory self-incrimination) evidenced by a contemporaneously recorded transcript of the guilty plea proceedings was not constitutionally required. United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Thus, in Holden, although we adhered to the Lewis requirement as a matter of state law and procedure to enforce the state policies incorporated in State ex rel. Jackson v. Henderson, supra, and State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972),[3] we recognized at the same time that the policies were not served by applying those requirements to non-Louisiana guilty plea convictions or Louisiana guilty pleas entered before Jackson. Thus we held that when these latter convictions are being used to enhance a sentence (and provided they were entered subsequent to the Boykin decision) the burden would be on the defendant to prove that he was not advised of his Boykin rights before he pled guilty.
With respect to defendant's first argument, concerning the impropriety of a defense burden in this regard, we determine that his argument has no merit.
However, defendant's second argument, that restricting the type of proof he may use to only the transcript of a contemporaneously recorded colloquy, presents different considerations.
In Holden we restricted the mode of proof to the colloquy in order to prevent the necessity of Louisiana courts having to hold *935 evidentiary hearings on the validity of non-Louisiana guilty pleas. However, it is difficult to adhere to that view where, in a case like the present one, the record of the out of state guilty plea proceedings has probably been destroyed through no fault of the defendant's. There is no defensible reason to allow use of a transcript reflecting a deficient colloquy while barring effort to prove a deficient colloquy, a transcript of which is unavailable because of circumstances beyond a defendant's control. We therefore hold today that where a defendant is multiple-billed by use of a foreign guilty plea conviction, if the defendant can establish that a record of his colloquy is unavailable through no fault of his own (e.g., if it has been destroyed or was not recorded originally) he may then attempt to meet his burden of proof by other means.
In other words, State v. Holden, supra, is still viable in the situations addressed therein, with one exception. Where a defendant can show that the transcript of his colloquy cannot be produced he will be allowed to prove by other evidence that he was not informed of his Boykin rights prior to entering his guilty plea.[4]
The trial judge in this case relied upon State v. Jefferson and Bell, 386 So.2d 77 (La.1980) in refusing to allow the defendant to prove, by evidence other than a transcription of the colloquy, that he was not advised of his Boykin rights prior to entering his guilty plea. But that case is distinguishable from the present one in that neither defendant therein had proven, or even attempted to prove, that the colloquy could not be produced. Rather, without such a showing the defendants simply took the stand and testified that they had not been adequately advised of their rights.
In the present case, defendant attempted to establish that the colloquy was unavailable by a letter from the Clerk of the Circuit Court of Escambia County, Florida, and a letter from the Office of the Public Defender of Escambia County. The letter from the Clerk of Court informed defendant that the Clerk's office did not have the transcript and that defendant would have to contact the Circuit Court Reporter's Office for the transcript. The assistant public defender stated in his letter that he was unable to find the transcript notwithstanding his effort to do so, that the transcript was missing from the Archives Division, that the Court Reporter's office had advised him that the transcript may have been destroyed as a result of water damage a few years previously. Thus this defendant has shown that the transcript of the colloquy between himself and the trial judge is unavailable, through no fault of his own.
Therefore, the case should be remanded to the district court for the defendant to have an opportunity to prove by other evidence that he was not advised of his Boykin rights prior to the entry of his guilty plea.

Decree
For the foregoing reasons, the opinion of this Court on original hearing is vacated, defendant's conviction is affirmed, his adjudication as a second offender is reversed and the case is remanded to the district court for further proceedings in accordance with law.
ORIGINAL OPINION VACATED; CONVICTION AFFIRMED; SECOND OFFENDER ADJUDICATION REVERSED; REMANDED.
LEMMON, J., concurs and assigns reasons.
BLANCHE and MARCUS, JJ., dissent for reasons assigned on original hearing.
NOTES
[*] Judges Remy Chiasson, Wallace A. Edwards and Elmo E. Lear of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] The majority relegated defendant to seek relief in the Florida court in which he entered his plea. That appears to be a hollow remedy, since defendant has completely served the Florida sentence, and the Florida court now has no interest in the validity of his plea and almost certainly will consider the matter moot.
[2] Because the hearing is not a trial on the question of guilt or innocence, but rather is a sentencing hearing, the usual proscriptions against hearsay are not applicable. See State v. Harris, 368 So.2d 1066 (La.1979). See also C.Cr.P. Arts. 929 and 930.
[1] State v. Holden, supra, did not expressly hold that the defendant could only prove that he did not waive his constitutional rights by a contemporaneously recorded transcript of the guilty plea colloquy. It held only that defendant's proof was limited to the colloquy; whether that meant a transcription of the colloquy or proof thereof through testimony was not specified. However, the decision has been read to require that the colloquy be transcribed and not provable through testimony.
[2] In State ex rel. Jackson v. Henderson, supra, we first recognized the Boykin decision and reversed a guilty plea conviction where the record showed that the defendant had not been informed of the three constitutional rights as required by Boykin; the right to trial by jury, the right to confront one's accusers and the privilege against compulsory self-incrimination. That decision became final on December 8, 1971. In State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972) this Court decided to make the Jackson decision applicable only to guilty pleas taken after Jackson's finality. Thus, in Holden, the burden to prove Boykin rights advice with a contemporaneously recorded transcript of the judge-defendant colloquy is the state's, only with respect to cases in which the guilty plea was entered after the finality of State ex rel. Jackson v. Henderson, supra, December 8, 1971.

As to Louisiana guilty pleas taken before December 8, 1971 but after the Boykin decision, Holden held that the same rules should apply as those prescribed in the opinion for non-Louisiana guilty pleas. For pleas taken prior to the Boykin decision, Holden held that they could not be invalidated because not taken in compliance with Boykin provided that the pleas were otherwise free and voluntary.
[3] By requiring the trial judge to inform each defendant of his right to trial by jury, his right to confront his accusers and his privilege against compulsory self-incrimination prior to accepting his guilty plea, and having this colloquy between the trial judge and the defendant contemporaneously recorded, the expense and uncertain testimony of a later evidentiary hearing is avoided and the validity of the guilty plea is assured.
[4] We expressly do not extend Holden to allow an evidentiary hearing on the validity of out of state pleas as a general proposition.