628 So.2d 1115 (1993)
STATE of Louisiana
v.
Valerie AGGISON.
No. 93-OK-1977.
Supreme Court of Louisiana.
November 12, 1993.
PER CURIAM.
Granted. This case is remanded to the Third Circuit Court of Appeal with directions to treat the defendant's appeal as an application for supervisory writs of review and to consider her claims on the merits.
At sentencing on April 29, 1992, counsel's extensive argument on the mitigating circumstances in the defendant's background, and his request that the court reconsider its weighing of those mitigating circumstances under the new Sentencing Guidelines, fully informed the trial judge of the defendant's specific objections to the sentence that the court would thereafter impose. Counsel's argument and objection satisfied the requirement of La.C.Cr.P. art. 881.1A(2), governing motions for reconsideration of sentence, that the defendant make known orally "at the time of sentencing ... the specific grounds on which the motion is based." See State v. Singleton, 614 So.2d 1243 (La.1993), decided March 19, 1993. The Third Circuit did not have the benefit of Singleton when it issued *1116 its opinion on appeal on February 3, 1993, defaulting the defendant procedurally for failing to file a written motion for reconsideration within 30 days of the imposition of sentence. In the meantime, the Department of Corrections had rejected the defendant for the intensive incarceration program ("Impact") for mental health reasons, despite the recommendation of the district court, rendering execution of the defendant's sentence impossible on the terms originally imposed.
On March 17, 1993, the defendant filed a motion in the district court for resentencing pursuant to R.S. 15:574.4A(2)(g)(i), which gives the court the authority to return the offender for resentencing in the event he or she is denied entry into the Impact Program. Counsel also filed a written motion for reconsideration reurging the grounds originally argued to the court at sentencing in April of 1992. The court denied both motions, without conducting an evidentiary hearing, as authorized by La.C.Cr.P. art. 881.1(C). The court did grant the defendant's motion for appeal which has led to the present impasse when the Third Circuit again procedurally defaulted the defendant because she had failed to comply with La.C.Cr.P. art. 916(3), which gives the district court jurisdiction to entertain a properly filed motion to reconsider sentence despite a pending appeal.
The district court has twice had the benefit of the defendant's argument on how the Sentencing Guidelines should apply in her case. On both occasions, the court's determination to follow its own interpretation of the Guidelines has gone unreviewed, at least in part because our clarification of the procedural requirements in art. 881.1 came just after and not before the Third Circuit's decision of February 3, 1993, 613 So.2d 1176. In the interim, the defendant's sentence has now become significantly more severe with her rejection from the Impact program. To the extent that the court did not actually resentence the defendant, its rejection of her March, 1993 motions is not appealable, La. C.Cr.P. art. 914.1(C)(1), but it is reviewable in the exercise of the appellate court's supervisory jurisdiction. Under these circumstances, a remand for consideration of the defendant's arguments on the merits is appropriate.
WATSON, J., not on panel.