| THIBODEAUX, Judge.
The Defendant, Frank H. Coleman, is again before the court appealing his habitual offender adjudication. In State v. Coleman, 96-525 (La.App. 3 Cir. 10/7/98); 720 So.2d 381, this court vacated his sentence and his adjudication as a habitual offehder because of the trial court’s failure to advise him of his rights before accepting his admission to his habitual offender status. On remand, the trial court held another adjudication hearing and found the evidence was sufficient to prove the Defen *1135 dant a second habitual offender. The trial court then sentenced the Defendant by stating, “the court’s going to abide by its same sentence and reimpose the same.” The sentence originally imposed was fifteen years at hard labor. On July 13, 1999, the Defendant filed a Motion to Reconsider Sentence, alleging that the State did not meet its burden of proving the validity of the prior conviction used to adjudicate the Defendant a second habitual offender. On September 9, 1999, the trial court held a hearing on the Motion to Reconsider Sentence for which the Defendant was not present. The State introduced a copy of the transcript of the guilty plea used as the Defendant’s prior conviction. Finding the Defendant’s' presence was not necessary, the trial court denied the Motion to Reconsider Sentence. The Defendant now appeals his adjudication and sentence, alleging four assignments of error.

FACTS

On September 23, 1994, the Defendant distributed crack cocaine to an undercover police officer, and was subsequently charged with distribution of cocaine. ■

J¿ASSIGNMENTS OF ERROR NOS. 1 & 2:

The Defendant claims the trial court erred in denying his Motion to Reconsider Sentence and in sentencing him as a habitual offender when insufficient evidence was presented by the State to establish the Defendant as a habitual offender. After he was adjudicated a habitual offender, the Defendant filed a Motion to Reconsider Sentence, claiming the record did not show that he knowingly and intelligently waived his rights at his predicate guilty plea. The Defendant asked the trial court to hold a hearing at which the State would be required to satisfy its burden of proof. As noted earlier, the hearing was held and the State introduced a transcript of the prior plea, showing that the Defendant had been properly Boykin-ized. Defense counsel complained, however, because the Defendant was not present.
Although the Defendant cites several cases concerning the State’s burden of proof in habitual offender proceedings, they all predate the Louisiana Supreme Court’s most recent pronouncement on the issue. In State v. Shelton, 621 So.2d 769 (La.1993), the court stated the following:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea, (footnote omitted). If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a ‘perfect’ transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a ‘perfect’ transcript, for example, a guilty plea form, a minute entry, an ‘imperfect’ transcript, or any combination thereof, the judge then must weigh the evidence submitted |sby the defendant and by the State to determine whether the State has met its burden of proving that defendant’s prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights.
Id. at pp. 779-780.
The Defendant did not satisfy his burden of affirmatively showing an infringement of his rights or procedural irregularity at the taking of his prior plea. The State introduced the minute entry of the *1136 predicate plea- showing that the Defendant was represented by counsel. Thus, the burden shifted to the Defendant to show an infringement of his rights or procedural irregularity at the taking of the plea. The Defendant stated the following:
[T]he minutes of court are valid evidence and they do show a prior conviction; however, in the minutes — if the Court will note, the minutes reflect that a waiver of rights form was used. We don’t know what waiver of rights form was used or which of the defendant’s rights he was apprised of. To the extent that the rights form was invalid or may have .been invalid, it may not have included evidence to indicate what this office [sic] could be used to enhance a later penalty. To that extent, I would say that any sentencing under the habitual sentencing statute is invalid under Boykin and other related cases, arid it’s constitutionally invalid unless the State can prove that he was apprised of his rights that this could be used to enhance his penalty later on.
In his Motion to Reconsider Sentence, the Defendant reiterated his objection, but focused on' the fact that the minute entry introduced by the State failed to show whether the Defendant was advised of his right to a trial by jury, his right to confront his accusers and his privilege against self-incrimination before entering a guilty plea. For the following reasons, the.Defendant’s claim lacks-merit. .
First, at the time the predicate guilty plea was entered, the trial court was not required to advise the Defendant of the possibility of future enhancement. State v. Nuccio, 454 So.2d 93 (La.1984). Furthermore, in State v. Stewart, 27,049 (La.App. 2 Cir. 5/10/95); 656 So.2d 677, writ denied, 95-1764 (La.12/8/95); 664 So.2d 420, writ denied, 95-1768 (La.12/8/95); 664 So.2d 420, appeal after remand on other issue, 29,241 (La.App. 2 Cir. 2/26/97); 712 So.2d 106, the second circuit stated the following when the defendant made an objection similar to that made by the Defendant in the present case:
Concerning his Maryland escape conviction in August 1982, defendant contends that the state failed to meet its burden of showing a Boykinization at the taking of the guilty plea. More specifically, while conceding that the introduced minutes reflect a counselled plea and even satisfy the prosecution’s initial requirement of proof, Stewart argues that Shelton permits him to produce “affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea,” and thus shift the burden back to the state, by merely pointing out that the presented documentation fails to reveal a Boykin colloquy between him and the judge.
Defendant’s contention, however, ignores the Shelton court’s design for preserving the presumption of regularity in final judgments. His proposed course, viz., allowing a defendant to simply rely upon the absence of a Boykin notation within the minute entry, would disregard that presumption and essentially reinstate the prior jurisprudence that placed the entire burden of proof upon the state. Contrarily, Shelton requires affirmative evidence from the defendant and indicates that he can attempt to meet his burden “with a transcript, with testimony regarding the taking of the plea, or with other affirmative evidence.” State v. Shelton, supra, at 779, fn. 24. Here, Stewart’s reliance on the alleged deficiency in the prosecution’s evidence is misplaced. In fact, the situation before us presents exactly the circumstance under which the presumption is intended to operate. See, e.g., State v. Smith, 415 So.2d 930 (La.1982); State v. Jefferson, 386 So.2d 77 (La.1980); State v. Holden, 375 So.2d 1372 (La.1979), (all three cases requiring the defendant to affirmatively show substantial defects in out-of-state predicate convictions).
Id. at 682.
^Likewise, the Defendant’s objection in the present case was nothing more than a *1137 reliance on the.absence of any notation in the minute entry that the trial court advised the Defendant of, the ..three Boykin rights. .Thus, the objection was. insufficient to shift the burden back to the State to produce a “perfect” transcript of the guilty plea.

ASSIGNMENT OF ERROR NO. 3:

The Defendant claims the trial court erred in allowing the State to supplement the record with a copy of the transcript of the prior guilty plea at the motion to reconsider hearing without the. Defendant being present. This assignment is moot,in light of the above discussion — ie., that the Defendant did not set forth the proof necessary to shift the burden to the State to produce a “perfect” transcript of the guilty plea.

ASSIGNMENT OF ERROR NO. 4:

The Defendant claims the sentence he received is excessive, arguing that the statutory minimum sentence (fifteen years) is constitutionally excessive in this case. The trial court sentenced the Defendant to fifteen years at hard labor, the minimum sentence for distribution of cocaine, second offense. La.R.S. 40:967 and 15:529.1(A)(l)(a).[1] The Defendant states he was sentenced to fifteen years at hard labor without benefit of probation, parole or suspension of sentence. The record before the court, however, does not indicate that the trial court restricted the Defendant’s parole eligibility. In accordance with La.R.S. 15:529.1(G), the trial court could not suspend or probate any portion of the sentence.
1 fiAt sentencing, defense counsel stated the following in support of his request for the trial court to deviate below the statutory minimum:
I think it’s constitutionally — and that would be the basis for the court’s departure downward. That would be the only basis. It’s .constitutionally excessive. In this case, .we’ve got two convictions, one prior conviction for distribution, a second conviction was for a one rock of crack cocaine, .34 grams, less than a half a gram.
In this case — I would note for the record that the guidelines upon which.the sentencing statute was prefaced indicate that this, statute is designed for persons having a much higher criminal history category than most people who come before this court. In this case, Mr. Coleman has two convictions. I think that 15 years for .34 grams of cocaine is constitutionally excessive under the circumstances, and I think that that would allow the court to depart downward under these .circumstances,
Of course, on the other end, typically, unless there is significant aggravated circumstances, the minimum would normally be what the court would impose in this situation.
The following colloquy then .ensued:
THE COURT: For a distribution, I must have been pretty close to the minimum. .You all.agree that 5529.1(A) [sic] is the controlling provision.... Is that — that’s the controlling statute.
MR. BARHAM: Correct, Your Honor.
MR. GILL: That’s correct.
THE COURT: Well, I certainly don’t think that I was harsh in the selection made by the court or' do-1 feel that it was constitutionally infirm;’ so, the court’s going to abide by its same sentence and reimpose the same.
Although the Defendant did not follow-up with an oral objection to the sentence, he did file a written Motion to Reconsider Sentence. The motion, however, focuses on the State’s failure to prove the Defendant’s status as a habitual offender rather than the sentence itself. We address the Defendant’s claim since it was raised and argued |7at the sentencing hearing. In *1138 State v. Aggison, 628 So.2d 1115 (La.1993), the supreme court stated the following:
At sentencing on April 29, 1992, counsel’s extensive argument on the mitigating circumstances in the defendant’s background, and his request that the court reconsider its weighing of those mitigating circumstances under the new Sentencing Guidelines, fully informed the trial judge of the defendant’s specific objections to the sentence that the court would thereafter impose. Counsel’s argument and objection' satisfied the requirement of La.C.Cr.P. art. 881.1A(2), governing motions for reconsideration of sentence, that the defendant make known orally “at the time of sentencing ... the specific grounds on which the motion is based.” See State v. Singleton, 614 So.2d 1243 (La.1993), decided March 19,1993.

Id.

In State v. Singleton, 614 So.2d 1243 (La.1993), opinion on remand, 625 So.2d 691 (La.App. 1 Cir.1993), the case cited in Ag-gison, the court stated the following: -
Even assuming that La.C.Cr.P. art. 881.1 retroactively applied to defendant’s sentencing on January 21, 1992, ten days before the statute’s effective date on January 31, 1992, the statute provides that a motion to reconsider sentence “shall be oral at the time of sentencing or in writing thereafter....” Defense counsel began the combined guilty plea and sentencing proceeding on January 21, 1992, by objecting to the excessiveness of the eight-year sentences the court would impose, and by reserving appellate review of the sentence as part of defendant’s guilty plea. State v. Crosby, 338 So.2d 584 (La.1976). Counsel urged the specific grounds on which the court had not followed the new sentencing guidelines, effective January 1, 1992, relative to computing the length of sentence and to improperly rejecting suspension of sentence and probation as an alternative to imprisonment. These remarks constituted an oral motion to reconsider made “at the time of sentencing,” alerting the court to specific problems that counsel found with the sentences at a time when the court could take corrective action, and obviating the need for a written motion filed after sentencing. To the extent that counsel also reserved appellate review of sentence as part of the guilty pleas, | «denial of that review on the basis of art. 881.1 would jeopardize the volun-tariness of those pleas.
Id. at 1243.
In accordance with Aggison and Singleton, we address the Defendant’s assigned claim regarding the trial court’s failure to deviate below the statutory minimum sentence.
In State v. Johnson, 97-1906 (La.3/4/98); 709 So.2d 672, the court stated the following regarding downward departures below the statutory minimum sentence, “[a] court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality.” Johnson, 97-1906, p. 7; 709 So.2d at 676. The court further stated:
[T]o rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
Id. at 8, 709 So.2d at 676.
The Defendant in the present case has not satisfied his burden of proving the minimum sentence is unconstitutional as applies to him. The Defendant has cited no cases in support of his claim that the weight of cocaine he intended to distribute should support a deviation below the statutory minimum. Additionally, the Defendant claims his sentence was imposed *1139 without benefit of parole. The record | flbefore this court, however, does not indicate the trial court restricted parole eligibility.
For the foregoing reasons, this assignment lacks merit.

ERROR PATENT

The Defendant was not informed of the prescriptive period for filing post-conviction relief as is required by La.Code Crim.P. art. 930.8. Thus, the district court is directed to “inform the [Djefendant of the provisions of Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the [Defendant received the notice in the record of the proceedings.” State v. Fontenot, 616 So.2d 1353, 1359 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993). The time period for filing post-conviction relief was amended by Act 1262 of the 1999 Regular Legislative Session. The prescriptive period was changed from three years to two years. Accordingly, upon remand, the trial court is instructed to inform the Defendant of the two-year prescriptive period rather than the three-year prescriptive period.

CONCLUSION

The Defendant’s adjudication and sentence as a second felony offender is affirmed. However, the district court is directed to inform the Defendant that pursuant to La.Code Crim.P. art. 930.8, he has two years from the date his judgment and sentence become final to apply for post-conviction relief. This notice should be in writing and sent to the Defendant within ten days of the rendition of this opinion. Written proof that the Defendant received the notice should be filed in the record of the proceedings.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.

. The penalty was amended in 1997 to a mandatory term of five years without benefit of probation, parole, or suspension of sentence.