COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

KENNON RICHARD AKA KENNAN RICHARD


**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2015-2058
HONORABLE ERROL DAVID DESHOTELS, JR., DISTRICT JUDGE

**********

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**Herbert Todd Nesom**
**District Attorney – 33rd Judicial District Court**
**Steven Sumbler**
**Assistant District Attorney – 33rd Judicial District Court**
**Joe Green**
**Assistant District Attorney – 33rd Judicial District Court**
**P. O. Box 839**
**Oberlin, LA 70655**
**Telephone: (337) 639-2641**
**COUNSEL FOR:**
     **Plaintiff/Appellee - State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**Telephone: (337) 491-0570**
**COUNSEL FOR:**
     **Defendant/Appellant - Kennon Richard a/k/a Kennan Richard**

**THIBODEAUX, Chief Judge.**

Defendant Kennon Richard was a passenger in a vehicle driven by co-defendant Christopher James.  The vehicle was stopped for a traffic violation and Mr. James was placed under arrest.  While Mr. James was being placed in handcuffs, he tossed a plastic bag of cocaine onto the car seat, whereupon Mr. Richard grabbed the bag and attempted to hide it in the car.  Kennon Richard was found guilty by a jury of obstruction of justice pursuant to La.R.S. 14:130.1.  Mr. Richard timely appeals his conviction, his adjudication, and the trial court's ruling on his *Batson* challenges.  For the following reasons, we affirm.

## I.

## ISSUES

We must determine:

1. whether the evidence presented at trial was sufficient to find Kennon Richard guilty of obstruction of justice;

2. whether the trial court erred in denying defense counsel's *Batson* challenges;

3. whether the trial court erred in finding Kennon Richard to be a third felony offender; and

4. whether the trial court erred in denying Kennon Richard's Motion in Arrest of Judgment.

## II.

## FACTS AND PROCEDURAL HISTORY

Kennon Richard was a passenger in a vehicle driven by Christopher James when it was stopped for a traffic violation.  While being placed in handcuffs, Mr. James removed several items from his pocket, including a clear

plastic bag of cocaine, which he threw onto the driver's seat. The arresting officer then observed Mr. Richard take the bag of cocaine and stuff it between the passenger seat and the center console. The bag remained in plain view at all times. Mr. Richard was also placed under arrest.

Mr. Richard was charged with possession of cocaine with the intent to distribute in violation of La.R.S. 40:967(A)(1), and obstruction of justice in violation of La.R.S. 14:130.1. A jury unanimously found Mr. Richard not guilty of possession of cocaine with the intent to distribute, but guilty of obstruction of justice. Mr. Richard was charged as a habitual offender, and the trial court sentenced him to thirteen years and two months at hard labor, to run concurrent to any other sentence.

III.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find that there is one error patent.

Mr. Richard was incorrectly advised at sentencing that he had two years from that date to file an application for post-conviction relief. Louisiana Code of Criminal Procedure Article 930.8(A) provides that a defendant has two years after conviction and sentence become final to seek post-conviction relief. Thus, we find that the trial court should be directed to inform Mr. Richard of the provisions of Article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Mr. Richard received the notice in the record of the proceedings. *State v. Baylor*, 08-141

2

(La.App. 3 Cir. 11/26/08), 998 So.2d 800, *writ denied*, 09-275 (La. 11/20/09), 25 So.3d 795.

IV.

## LAW AND DISCUSSION

**Obstruction of Justice**

Mr. Richard contends that the evidence at trial was insufficient to find him guilty of obstruction of justice. He argues that his conduct cannot permit the inference that he had the specific intent to distort the results of any criminal proceeding as he made no attempt to conceal the bag of suspected cocaine.

Louisiana appellate courts are controlled by the *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979), standard when reviewing the sufficiency of evidence to support a conviction. *State v. Captville*, 448 So.2d 676 (La.1984). The *Jackson* standard of review is now legislatively embodied in La.Code Crim.P. art. 821. This court discussed the claim of insufficient evidence in *State v. Lambert*, 97-64 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27 (citations omitted):

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. It is the role of the fact finder to weigh the respective credibility of the witness. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review.

The appellate court's function is not to assess the credibility of witnesses or to reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So.2d 442.

3

Obstruction of justice occurs when the offender tampers "with evidence with the specific intent of distorting the results of any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding." La.R.S. 14:130.1(A)(1). Tampering includes "the intentional alteration, movement, removal, or addition of any object or substance" at the location of an incident subject to investigation. *Id*. Because obstruction of justice is a specific intent crime, it does not need to be proven by fact, "but can be inferred from the circumstances and the actions of the defendant." *State v. Vercher*, 14-1211, p. 11 (La.App. 3 Cir. 5/6/15), 162 So.3d 740, 747, *writ denied*, 15-1124 (La. 5/20/16), 191 So.3d 1065.

In *State v. Blanche*, 47,015 (La.App. 2 Cir. 4/11/12), 91 So.3d 1189, an officer stopped a vehicle for a traffic violation. He observed a type of cigarette he knew to be commonly used with the substance PCP on the defendant's lap in the back seat of the car. The officer saw the defendant grab the cigarette and throw it onto the front seat as the defendant exited the vehicle. At trial, the defendant testified that he first noticed the cigarette on his lap as the officer approached the vehicle. He brushed it out of his lap, and it landed on the front passenger seat. The jury found the defendant not guilty of possession of a controlled dangerous substance, but guilty of obstruction of justice.

Officer Johnson testified that, during the arrest, Christopher James grabbed a handful of contents out of his pocket, reached into the window of the car, and dropped the contents on the seat. The contents of his pocket included a clear bag of cocaine, lighters, keys, a pack of cigarettes, and money. Officer Johnson testified that Mr. Richard reached over and snatched the clear plastic bag

of cocaine and then attempted to stuff the bag between the console and the passenger seat.

Viewing the evidence in the light most favorable to the prosecution, pursuant to the *Jackson* standard, it is clear that a jury could reasonably conclude sufficient evidence was presented to support Mr. Richard's conviction for obstruction of justice. Mr. Richard chose the bag of cocaine from all the items that Mr. James threw on the car seat. In fact, it was the only item that Mr. Richard attempted to hide. The jury could reasonably infer that Mr. Richard was trying to hide the drugs and evade criminal charges when he pushed the bag of cocaine between the console and the seat. The undisputed evidence at trial reasonably showed that Mr. Richard had the specific intent to distort the result of the investigation or proceeding and thereby was sufficient to convict him of obstruction of justice.

### *Batson* Challenges

Mr. Richard contends that the trial court erred in denying his challenges based on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712 (1986). Specifically, Mr. Richard argues that no race-neutral reasons existed for Ammie Cole, Equilla Sapp, and Zealon Solomon, all African-Americans, to be excluded from serving on the jury. The State excluded nine African-Americans altogether, five by peremptory challenges, resulting in Mr. Richard being tried by an all-white jury.

In *Batson*, the United States Supreme Court held that the use of peremptory challenges to exclude persons from a jury based on their race violates the Equal Protection Clause. *Batson*, 476 U.S. 79, 106 S.Ct. 1712. The holding in

*Batson* was adopted by the Louisiana Supreme Court in *State v. Collier*, 553 So.2d 815 (La.1989), and has been codified in Louisiana law under La.Code Crim.P. art. 795.

When a *Batson* challenge is asserted, the proponent bears the burden of presenting a *prima facie* showing of purposeful discrimination in the selection of the jury. *State v. Nelson*, 10-1724, 10-1726 (La. 3/13/12), 85 So.3d 21. The burden then shifts to the opponent to show a non-discriminatory basis for its peremptory challenge. *Id.* The trial court then determines whether the proponent has carried his burden of proving purposeful discrimination. *Id.* In *State v. Tilley*, 99-569, pp. 4-5 (La. 7/6/00), 767 So.2d 6, 12-13, *cert. denied*, 532 U.S 959, 121 S.Ct. 1488 (2001), the supreme court set out criteria for evaluating the State's answer to whether the peremptory challenge was race-neutral:

> Although the state's explanation must be based on more than an assumption or a hunch, *State v. Collier, supra*, to be facially valid, it need not be persuasive, or even plausible; thus unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race-neutral. *State v. Hobley*, [98-2460 (La. 12/15/99), 752 So.2d 771]; *Purkett* [*v. Elem*,] 514 U.S. [765] at 767, 115 S.Ct. [1769] at 1771 [(1995)].
>
> Faced with a race-neutral explanation, the defendant then must prove to the trial court purposeful discrimination. *Id*. (Citing *Batson, supra; Hernandez v. New York*, 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991)). The proper inquiry in the final stage of the *Batson* analysis is whether the defendant's proof, when weighed against the prosecutor's proffered race-neutral reasons, is sufficient to persuade the trial court that such discriminatory intent is present. *Id*. (Citing *State v. Green*, 94-0887 (La. 5/22/95), 655 So.2d 272, 290). . . . Because the factual determination pertaining to intentional discrimination rests largely on credibility evaluations, the trial court's findings are entitled to great deference by the reviewing court. *Id*.; *State v. Snyder*, 98-1078 (La. 4/14/99), 750 So.2d 832.

6

*Potential Juror Ammie Cole*

Ammie Cole initially asked to be excused because she "was taught not to judge anyone." However, the trial court did not excuse her at that time. She further indicated that she had worked with Mr. Richard's attorney as a teacher. The State exercised a backstrike to Ms. Cole based on her history of actually working with Mr. Richard's attorney. Mr. James's counsel adamantly objected to her removal citing a *Batson* challenge, and Mr. Richard's attorney joined in the objection. The trial court excused Ms. Cole subject to the *Batson* challenge, and Mr. Richard did not object to the trial court's ruling. Failure to object to the trial court's ruling on a *Batson* challenge waives the issue on appeal. La.Code Crim.P. art. 841. *State v. Odenbaugh*, 10-268 (La. 12/6/11), 82 So.3d 215, *cert. denied*, __ U.S. __ 133 S.Ct. 410 (2012). Accordingly, this court may not consider the trial court's determination regarding why the State challenged Ms. Cole.

*Potential Juror Equilla Sapp*

Ms. Sapp stated that she knew the Assistant District Attorney, Mr. Sumbler, through church, was a cousin to his father, and best friends with his mother. Ms. Sapp also knew Mr. Richard and his mother from their neighborhood. The State exercised a challenge to exclude Ms. Sapp based on her being a family friend. Mr. Richard's counsel lodged no objection to the State's challenge. Accordingly, Mr. Richard waived any objection to the State's peremptory challenge of Ms. Sapp. Furthermore, the State had no discriminatory intent in striking her. She was a close family friend of Mr. Richard and was also a member of the A.D.A.'s family. This relationship was a sufficient race-neutral reason for striking her from the jury.

*Potential Juror Zealon Solomon*

Mr. Solomon was an eighth grade math teacher, tennis coach, small business owner, and a 2012 graduate of LSU Law School. He and the State's attorney, Mr. Sumbler, are cousins, and he went to school with Mr. Richard. Additionally, Mr. Solomon's students had midterm exams the week of trial.

Mr. Richard's counsel raised a *Batson* challenge to the State's peremptory exclusion of Mr. Solomon. As race-neutral reasons, the State argued that Mr. Solomon and the State's attorney, Mr. Sumbler, were related, and Mr. Solomon's focus was on his students' exams. The trial court denied the challenge for cause but allowed the peremptory strike. Mr. Richard's counsel objected to that ruling.

The familial relationship between Mr. Solomon and Mr. Sumbler was a sufficient race-neutral reason to strike him from the jury. The striking of family members and close relationships undermines the appearance of stacking the jury in favor of the State, a factor that supports denying the *Batson* challenge. For that reason, the trial court correctly found that the State provided sufficient race-neutral reasons to exclude Mr. Solomon and did not indicate any discriminatory intent. That determination, based on the trial court's credibility evaluations pertaining to intentional discrimination, will not be disturbed.

**Habitual Offender**

Mr. Richard argues that the trial court erred in finding him to be a third felony offender. He contends that the record does not show that he was advised of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709

(1969), when he entered his plea of no contest to simple burglary, one of the predicate offenses.

> If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three *Boykin* rights.

*State v. Shelton*, 621 So.2d 769, 779-80 (La.1993) (footnotes omitted).

An absence of a *Boykin* notation in the minutes is not sufficient to shift the burden of proving the constitutionality of the plea to the State. *State v. Coleman*, 99-1925 (La.App. 3 Cir. 6/21/00), 762 So.2d 1134. In *Coleman*, the State introduced a minute entry from the predicate plea showing that the defendant had been represented by counsel at the plea hearing. "Thus, the burden shifted to the Defendant to show an infringement of his rights or procedural irregularity at the taking of the plea." *Id*. at 1136. The defendant argued that the minute entry failed to show whether he was advised of his *Boykin* rights. This court found that the defendant's claim lacked merit. The defendant merely relied on the absence of

a *Boykin* notation in the minute entry, and that "was insufficient to shift the burden back to the State to produce a 'perfect' transcript of the guilty plea." *Id*. at 1137.

Mr. Richard's case presents a similar situation to that in *Coleman.* At Mr. Richard's habitual offender hearing, the State provided documentation of Mr. Richard's prior conviction for possession of cocaine with intent to distribute. The plea form included Mr. Richard's waiver of his *Boykin* rights. The State also offered certified copies of court minutes and the bill of information where Mr. Richard pled no contest to simple burglary in October 2009. The trial judge asked for the *Boykin* form. The State told the court that the form was not attached to the minutes and bill of information, but it had the actual minutes. Mr. Richard's attorney objected to the simple burglary conviction being used to establish a predicate offense because there was no *Boykin* form and no transcription of the colloquy between Mr. Richard and the sentencing judge.

The trial judge found Mr. Richard to be a third felony offender. When analyzing the court minutes regarding the simple burglary conviction, the trial judge noted that the minutes reflected that Mr. Richard had knowingly, freely, and voluntarily entered his plea. The trial judge observed that Mr. Richard was advised of his rights at sentencing, which typically includes *Boykin* rights. Accordingly, the trial court found that both prior convictions were satisfactorily presented and proved to the Court.

We find that the State met its initial burden of proving the existence of the prior conviction and Mr. Richard's representation by counsel at the plea. The burden then shifted to Mr. Richard to produce affirmative evidence of an infringement of his rights or of a procedural irregularity. The absence of a recitation of Mr. Richard's *Boykin* rights in the minutes is not such evidence.

*Coleman*, 762 So.2d 1134.  Thus, the burden did not shift back to the State to prove the constitutionality of the plea.  This argument lacks merit.

**Motion in Arrest of Judgment**

Mr. Richard argues that the trial court erred when it denied his Motion in Arrest of Judgment.  He contends that the verdict form should have included additional responsive verdicts for obstruction of justice.  Louisiana Code of Criminal Procedure Article 803 provides that the trial court shall charge the jury as to the law applicable to the charged offense and to any other offenses of which the accused could be found guilty under the provisions of La.Code Crim.P. arts. 814 or 815.  "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence."  La.Code Crim.P. art. 841.  Mr. Richard failed to preserve this issue for appeal.

The trial court reviewed the jury charge with all counsel.  The trial judge removed a reference to conviction of a prior offense and to discrediting testimony because of a prior inconsistent statement.  Mr. Richard made no objection regarding the responsive verdicts, and the verdict sheet went to the jury without the choices Mr. Richard now raises on appeal.  Mr. Richard did not object when the jury was charged or when the verdict form was submitted to the jury and thus, did not properly preserve the issue for review on appeal.

V.

**CONCLUSION**

Accordingly, we affirm Mr. Richard's conviction, the State's *Batson* challenges, Mr. Richard's status as a third felony offender, and the denial of his Motion in Arrest of Judgment.   We also direct the trial court to inform Mr.

11

Richard of the provisions of La.Code Crim.P. art. 930.8, by sending appropriate written notice to Mr. Richard within ten days of the rendition of this opinion and to file written proof into the record indicating that Mr. Richard received the notice.

**AFFIRMED**.